UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| SAMMY MOZINGO AND JAMIE HOLLOWAY, on behalf of themselves and similarly situated employees, | |
| | Civil Action No. _____ |
| *Plaintiffs*, | INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT |
| v. | |
| OIL STATES ENERGY SERVICES, L.L.C. f/k/a SPECIALTY TANK SUPPLY, OIL STATES ENERGY SERVICES HOLDING, INC., OIL STATES INTERNATIONAL, INC. | Filed Electronically |
| | Jury Trial Demanded |
| *Defendant.* | |

---

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

### Nature of the Action, Jurisdiction, and Venue

1. This is an individual and collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and an individual and class action under the Pennsylvania Minimum Wage Act, as amended, 43 P.S. § 333.101 *et seq*. ("PMWA"), to recover damages for non-payment of overtime wages owed to Plaintiffs and all similarly situated employees of Defendant Oil States Energy Services, Oil States Energy Services Holding, Inc., and Oil States International, Inc.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and, for supplemental state claims, 28 U.S.C. § 1367(a).

3. The policies, practices, and conduct underlying the claims asserted in this complaint were implemented or occurred substantially in and around Canonsburg, Pennsylvania, where Defendants have maintained a regular and continual business presence during all relevant time

periods. Therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4. **Plaintiff Sammy Mozingo.** Plaintiff Sammy Mozingo is a former equipment operator of Defendants. Plaintiff has resided at all relevant times in Laurel, MS 39443.

5. **Plaintiff Jamie Holloway.** Plaintiff Jamie Holloway is a former equipment operator of Defendants. Plaintiff has resided at all relevant times in Pachuta, MS 39347.

6. **Defendant Oil States International, Inc.**

   a. Defendant Oil States International, Inc. is a company organized under the laws of Delaware that provides a range of products and services to companies in the oil and gas industry.

   b. Common shares of Oil States International, Inc. are publicly traded on the New York Stock Exchange under the symbol OIS.

7. **Defendant Oil States Energy Services, LLC**

   a. Defendant Oil States Energy Services, LLC is a company organized under the laws of Delaware that provides integrated rental solutions and services in connection with oilfield operations in North America, South America, Canada and Mexico.

   b. Defendant Oil States Energy Services, LLC is a wholly-owned subsidiary of Defendant Oil States International, Inc. and operates as a functional subdivision of Defendant Oil States International, Inc.

8. **Defendant Oil States Energy Services Holding, Inc.**

   a. Defendant Oil States Energy Services Holding, Inc. is a company organized under the laws of Delaware that provides integrated rental solutions and services in connection with oilfield operations in North America, South America, Canada and Mexico.

    b. Defendant Oil States Energy Services Holding, Inc. is a wholly-owned subsidiary of Defendant Oil States International, Inc. and operates as a functional subdivision of Defendant Oil States International, Inc.

9. Among other things, Defendants provide well intervention services, which consist of operations carried out on oil or gas wells for purposes other than drilling, such as altering the state of the well, providing well diagnostics, or managing the production of the well.

10. In particular, Defendants provide well intervention services on natural gas wells throughout the United States, including in Pennsylvania.

11. At all relevant times Defendants have been employers within the meaning of the FLSA and the PMWA.

12. At all relevant times Defendants have been enterprises engaged in interstate commerce with annual revenues in excess of $500,000 and have been subject to the provisions of the FLSA and the PMWA.

## Statement of Individual Claims

13. Plaintiff Sammy Mozingo was employed by Defendants as an equipment operator from in or around October 2010 until on or around May 19, 2012.

14. Plaintiff Jamie Holloway was employed by Defendants as an equipment operator from on or around October 11, 2011 until on or around October 17, 2013.

15. As equipment operators, Plaintiff worked on natural gas well sites around Canonsburg, Pennsylvania to perform wireline pressure control services—*i.e.*, the process of using specialized equipment to control the pressure of natural gas wells during the wireline phase of the hydraulic fracturing ("fracking") process.

16. In general, Plaintiffs worked a so-called 30/10 schedule—*i.e.*, a schedule where Plaintiffs worked for 30 consecutive days and then received 10 days of rest.

17. When Plaintiffs were working on location at well sites, they typically worked in twelve-hour segments, although they also sometimes worked 14, 16, or more hours consecutively depending on Defendants' needs.

18. In some instances, such as when another of Defendants' equipment operators was unable to relieve them, Plaintiffs worked segments of 24 consecutive hours or more.

19. As equipment operators, Plaintiffs regularly worked more than 40 hours in a single week.

20. As equipment operators, Plaintiffs often worked more than 60 hours in a single week.

21. As equipment operators, Plaintiffs often worked more than 100 hours in a single week, especially when Plaintiffs were required to work hours separate and apart from the hours they spent operating equipment on site.

22. Aside from Plaintiffs' work on site operating equipment, Plaintiffs were also regularly called upon by Defendants to transport equipment and supplies to various natural gas well sites in support of Defendants' operations on those well sites.

23. Specifically, when Plaintiffs were not actually operating pressure control equipment, Plaintiffs often received phone calls from a dispatcher at Defendants' Canonsburg, Pennsylvania shop with instructions to Plaintiffs on what equipment or supplies Plaintiffs needed to deliver to natural gas well sites on which Defendants were conducting operations.

24. So that Plaintiffs could make these deliveries, Defendants provided Plaintiffs with company pickup trucks (one truck per person).

25. Plaintiffs regularly used the pickup trucks to transport equipment and supplies to and from natural gas well sites as needed to support Defendants' operations around Canonsburg, Pennsylvania.

26. As equipment operators, Plaintiffs also worked off-site in Defendants' facilities in Canonsburg, Pennsylvania and Watsontown, Pennsylvania, to clean and maintain equipment between stints working in the field.

27. When they worked off-site in Defendants' facilities in Canonsburg, Pennsylvania and Watsontown, Pennsylvania, Plaintiffs regularly used their company-issued pickup trucks to make deliveries of equipment and supplies to natural gas well sites around those locations.

28. The pickup trucks that Plaintiffs drove while employed by Defendants had Gross Vehicle Weight Ratings (GVWR) of less than 10,001 pounds.

29. As equipment operators, Plaintiffs were regularly called upon to drive, load, or inspect vehicles with GVWR of less than 10,001 pounds.

30. As equipment operators, Plaintiffs in fact drove, loaded, and inspected vehicles with GVWR of less than 10,001 pounds.

31. As equipment operators, Plaintiffs were compensated based on a compensation structure consisting of a salary plus non-discretionary "on site" bonuses paid based on the number of days Plaintiffs worked on site at a natural gas well site in a given pay period

32. Before and during Plaintiffs' terms of employment, Defendants made certain promises to Plaintiffs concerning the terms and conditions of Plaintiffs' working relationship with Defendants, including promises concerning the methods and amounts of pay that Plaintiffs would receive in exchange for agreeing to work for, and continuing to work for, Defendants.

33. Specifically, Defendants agreed to pay Plaintiffs a salary, with non-discretionary on-site bonuses.

34. Defendants told Plaintiffs that they were exempt from overtime.

35. This was false.  In fact, Plaintiffs were entitled to overtime under both the FLSA and the PMWA.

36. During the course of Plaintiffs' employment, Defendants knew that their policies, practices and procedures concerning Plaintiffs' compensation were in violation of the overtime provisions of the FLSA and PMWA, and Defendants acted in reckless disregard of the overtime provisions of the FLSA and PMWA.

### Class- and Collective-Action Allegations

37. This is a "hybrid" FLSA/PMWA action that is properly maintainable as a collective action under the FLSA, 29 U.S.C. § 216(b), and a class action under Federal Rule of Civil Procedure 23(b)(3). *See Knepper* v. *Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

38. Between April 21, 2012 and the present, more than 50 individuals have been employed by Defendants and worked in Pennsylvania as equipment operators.

39. In this lawsuit, Plaintiffs seek to represent a co-extensive FLSA collective and PMWA class (together, a "Class") composed of all persons who were employed by Defendants and worked in Pennsylvania as equipment operators at any time between April 21, 2012 and the present (the "Class Period").

40. Pursuant to company-wide policy, each equipment operator in the Class was paid a salary plus a non-discretionary "on site" bonus for each day the operator worked on site at a natural gas well site.

41. Before and during the Class Period, Defendants made certain promises to each member of the Class concerning the terms and conditions of their working relationships with Defendants, including promises concerning the methods and amounts of pay that each member would receive in exchange for agreeing to work for, and continuing to work for, Defendants.

42. Specifically, Defendants promised each member of the Class that Defendants would pay the operator a salary plus a non-discretionary "on site" bonus for each day the operator worked on site at a natural gas well site.

6

43. Plaintiffs and the members of the Class were subjected to the same or similar unlawful policies, practices and procedures concerning their compensation during the Class Period—namely:

   a. members of the Class, as part of their jobs as equipment operators, regularly drove vehicles with GVWRs of less than 10,001 pounds to and from well sites around Canonsburg, Pennsylvania and Watsontown, Pennsylvania in order to transport themselves, supplies, and equipment in support of ongoing oilfield operations in those areas;

   b. members of the Class, as part of their jobs as equipment operators, were regularly called upon to drive, load, or inspect vehicles with GVWRs of less than 10,001 pounds;

   c. members of the Class were paid based on a salary plus bonus compensation structure, rather than on an hourly basis; and

   d. members of the Class were not paid any overtime premium pay for hours worked over 40 hours in workweeks during the Class Period.

44. Like Plaintiffs, members of the Class worked extremely long hours.

45. Members of the Class regularly worked far in excess of 40 hours per week.

46. In many weeks, members of the Class worked in excess of 15 hours per day, 7 days per week, which amounted to over 100 hours in the same workweek.

47. Members of the Class were not paid overtime for any of their hours worked for Defendants during the Class Period.

48. During the Class Period, Defendants knew that their policies, practices and procedures concerning the compensation of the equipment operators were in violation of the overtime provisions of the FLSA and PMWA, and Defendants acted in reckless disregard of the overtime provisions of the FLSA and PMWA.

7

**Rule 23 Allegations**

49. The Class is so numerous that joinder of all members is impracticable: More than 50 individuals are in the Class, and it would be impractical, if not impossible, to join them all individually.

50. There are common issues among all members of the Class: Members of the Class were subjected to the same policies of misclassification as exempt from overtime, the payment of salary plus bonus instead of an hourly rate, the non-payment of overtime premium pay, being required to operate vehicles with GVWRs of less than 10,001 pounds to carry out their job duties, and being required to work in excess of 40 hours in workweeks during the Class Period.

51. The claims and defenses of the representative parties are typical of the claims and defenses of the class: As noted above, the claims of Plaintiffs are typical of the claims of other members of the Class, *i.e.*, the failure to pay overtime in accordance with the PMWA. The potential defenses to Plaintiffs' claims (proper classification as exempt) are typical of any defenses to the claims of the Class members.

52. Plaintiffs are adequately motivated to represent the interests of members of the Class in pursuing relief from the unlawful policies that commonly affected them.

53. The questions of law and fact common to members of the Class will predominate over any questions affecting only individual members: As noted above, Plaintiffs and members of the Class performed similar duties as equipment operators for Defendants, and Plaintiffs and members of the class performed similar duties on vehicles with GVWRs less than 10,001 pounds. To the extent there are any variations in fact (for example, in the amount paid per day to each member of the Class or the exact well sites on which Class members worked), common questions predominate.

54. Plaintiffs do not have interests that are antagonistic to the interests of members of the Class.

55. There are no conflicts of interest among members of the Class.

56. Prosecuting this case as a collective action under the FLSA, and a class action under the PMWA, will promote judicial efficiency and best protect the interests of the Class.

57. Undersigned counsel for Plaintiffs are experienced in the field of employment law (including the FLSA and the PMWA), and in the field of collective and class actions, and they will fairly and competently represent the interests of members of the Class.

## COUNT I:  Fair Labor Standards Act - Failure to Pay Overtime
### (Individual and Collective)

58. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

59. Plaintiffs and members of the Class are current or former employees of Defendants within the meaning of the FLSA.

60. Defendants are employers within the meaning of the FLSA.

61. During the Class Period, Defendants classified Plaintiffs and members of the Class as exempt from the overtime provisions of the FLSA.

62. During the Class Period, Defendants did not pay overtime to Plaintiffs or members of the Class.

63. During the Class Period, Plaintiffs and members of the Class were not exempt from the overtime provisions of the FLSA.

64. Defendants knew that their policies, practices and procedures concerning Plaintiffs' and the Class's compensation were in violation of the overtime provisions of the FLSA, and acted in reckless disregard of the overtime provisions of the FLSA.

65. During the Class Period, Plaintiffs and members of the Class worked in excess of 40 hours in certain workweeks and, in at least one workweek, were not compensated in full for time worked in excess of 40 hours.

66. Defendants' failure to pay overtime wages to Plaintiffs and members of the Class violated the overtime provisions of the FLSA.

67. Under the FLSA, Plaintiffs and members of the Class are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

68. The overtime rates of pay at issue—i.e., the overtime rates of pay at which Plaintiffs and members of the Class are entitled to recover—must include the non-discretionary on-site bonuses earned by Plaintiffs and members of the Class.

69. Under the FLSA, Plaintiffs and members of the Class are also entitled to recover liquidated damages in an amount equal to their unpaid overtime.

70. Because Defendants' violations of the FLSA were knowing and intentional, the FLSA's three-year statute of limitation applies to Plaintiffs' and the Class members' claims for overtime under the FLSA.

### COUNT II:  Pennsylvania Minimum Wage Act - Failure to Pay Overtime
### (Individual and Class)

71. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

72. Plaintiffs and members of the Class are current or former employees of Defendants within the meaning of the PMWA.

73. Defendants are employers within the meaning of the PMWA.

74. During the Class Period, Defendants classified Plaintiffs and members of the Class as exempt from the overtime provisions of the PMWA.

75. During the Class Period, Defendants did not pay overtime to Plaintiffs or members of the Class.

76. During the Class Period, Plaintiffs and members of the Class were not exempt from the overtime provisions of the PMWA.

77. During the Class Period, Plaintiffs and members of the Class worked in excess of 40 hours in certain workweeks and, in at least one workweek, were not compensated in full for time worked in excess of 40 hours.

78. Defendants' failure to pay overtime wages to Plaintiffs and members of the Class violated the overtime provisions of the PMWA.

79. Under the PMWA, Plaintiffs and members of the Class are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

80. The overtime rates of pay at issue—i.e., the overtime rates of pay at which Plaintiffs and members of the Class are entitled to recover—must include the non-discretionary on-site bonuses earned by Plaintiffs and members of the Class.

## **PRAYER FOR RELIEF**

81. Wherefore, Plaintiffs, on behalf of themselves and members of the Class, respectfully request this Court enter judgment awarding them:

   a. money damages in an amount equal to the overtime compensation they are due,

   b. liquidated damages under the FLSA in an amount equal to the overtime compensation they are due,

   c. interest, reasonable attorneys' fees, and costs, and

      d.  all other relief that is just and proper.

Dated: April 22, 2015
       Pittsburgh, PA

                                        Respectfully submitted,

                                        s/  Joseph H. Chivers

Joseph H. Chivers, Esq.
jchivers@employmentrightsgroup.com
PA ID No. 39184

Jeffrey W. Chivers, Esq.
jwc@employmentrightsgroup.com

PA ID No. 319673

THE EMPLOYMENT RIGHTS GROUP
100 First Avenue, Suite 1010
Pittsburgh, PA  15222
Tel.:  (412) 227-0763

*Counsel for Plaintiffs*
*and all others similarly situated*