## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------- x

| | |
|---|---|
| SAMMY MOZINGO; JAMIE HOLLOWAY; GEORGE BOLEN, JR.; DON BRATTON; MICHAEL BURCHIK; BARRETT DUPLECHAIN; WAYNE EDDY; MICHAEL FRANCIS; MATTHEW FRICK; MICHAEL GEORGE; KARI GORDON; CHRIS GRYMES; STEPHEN SOLTESZ-HAUGHTON; MILTON HOLIFIELD; DANIEL HOLIFIELD; MICHAEL HOLIFIELD; RYAN KARMANN; BRIAN KUBIAK; CHADRICK LEOPAUL; JASON LETT; DONALD LEWIS; GREG MORRILL; ROBERT PICKEL; SCOT POND; RYAN SHOWS; JEFFREY STEFFISH; BRIAN TULLY; STEPHEN WALTERS; MATT WILLIAMS, | Civil Action No. 2:15-529<br><br>Judge Cathy Bissoon<br><br>Electronically Filed |
| *Plaintiffs*,<br><br>v. | JURY TRIAL DEMANDED |
| OIL STATES ENERGY SERVICES, L.L.C. f/k/a SPECIALTY TANK SUPPLY; OIL STATES ENERGY SERVICES HOLDING, INC.; OIL STATES INTERNATIONAL, INC. | |
| *Defendants.* | |

---------------------------------------------------------------- x

### THIRD AMENDED COMPLAINT

### Nature of the Action, Jurisdiction, and Venue

1.  This is an action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Pennsylvania Minimum Wage Act, as amended, 43 P.S. § 333.101 *et seq*. ("PMWA"), to recover damages for non-payment of overtime wages owed to Plaintiffs.

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and, for supplemental state claims, 28 U.S.C. § 1367(a).

3.  The policies, practices, and conduct underlying the claims asserted in this complaint were implemented or occurred substantially in and around Canonsburg, Pennsylvania, where Defendants

have maintained a regular and continual business presence during all relevant time periods. Therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

### Parties

4.  **Plaintiffs.**  The Plaintiffs in this lawsuit are former equipment operators of Defendants who worked for Defendants in Pennsylvania.   The Plaintiffs' names and approximate term of employment are set forth in the table below.

|     | Full Name | Approximate Term of Employment |
| --- | --- | --- |
| 1. | Sammy Mozingo | October 2010 – May 2012 |
| 2. | Jamie Holloway | June 2012 – October 2013 |
| 3. | George Bolen, Jr. | November 2010 – April 2015 |
| 4. | Don Bratton | April 2010 – February 2015 |
| 5. | Michael Burchik | February 2010 – February 2015 |
| 6. | Barrett Duplechain | June 2009 – August 2013 |
| 7. | Wayne Eddy | September 2011 – February 2015 |
| 8. | Michael Francis | March 2014 – April 2015 |
| 9. | Matthew Frick | September 2011 – May 2015 |
| 10. | Michael George | May 2013 – August 2014 |
| 11. | Kari Gordon | October 2009 – January 2015 |
| 12. | Chris Grymes | August 2014 – April 2015 |
| 13. | Stephen Soltesz-Haughton | July 2010 – February 2015 |
| 14. | Milton Joseph Holifield, III | October 2011 – January 2014 |
| 15. | Daniel Holifield | October 2011 – February 2015 |
| 16. | Michael Jay Holifield | July 2010 – October 2014 |
| 17. | Ryan Karmann | 2011 – Present |
| 18. | Brian Kubiak | December 2011 – November 2012 |
| 19. | Chadrick M. Leopaul | 2007 – April 2014 |
| 20. | Jason Lett | April 2010 – July 2013 |
| 21. | Donald Anthony Lewis | September 2011 – February 2015 |
| 22. | Greg Morrill | February 2011 – October 2012 |
| 23. | Robert Pickel | November 2010 – July 2013 |
| 24. | Scot Pond | January 2012 – April 2015 |
| 25. | Ryan Shows | October 2010 – May 2015 |
| 26. | Jeffrey Steffish | February 2010 – Present |
| 27. | Brian Tully | August 2013 – April 2015 |
| 28. | Stephen Walters | October 2011 – February 2015 |
| 29. | Matt Williams | April 2010 – Present |

2

5. **Defendant Oil States International, Inc.**

    a.   Defendant Oil States International, Inc. is a company organized under the laws of Delaware that provides a range of products and services to companies in the oil and gas industry.

    b.   Common shares of Oil States International, Inc. are publicly traded on the New York Stock Exchange under the symbol OIS.

6. **Defendant Oil States Energy Services, LLC**

    a.   Defendant Oil States Energy Services, LLC is a company organized under the laws of Delaware that provides integrated rental solutions and services in connection with oilfield operations in North America, South America, Canada and Mexico.

    b.   Defendant Oil States Energy Services, LLC is a wholly-owned subsidiary of Defendant Oil States International, Inc. and operates as a functional subdivision of Defendant Oil States International, Inc.

7. **Defendant Oil States Energy Services Holding, Inc.**

    a.   Defendant Oil States Energy Services Holding, Inc. is a company organized under the laws of Delaware that provides integrated rental solutions and services in connection with oilfield operations in North America, South America, Canada and Mexico.

    b.   Defendant Oil States Energy Services Holding, Inc. is a wholly-owned subsidiary of Defendant Oil States International, Inc. and operates as a functional subdivision of Defendant Oil States International, Inc.

8.   Among other things, Defendants provide well intervention services, which consist of operations carried out on oil or gas wells for purposes other than drilling, such as altering the state of the well, providing well diagnostics, or managing the production of the well.

9.  Defendants provide well intervention services on natural gas wells throughout the United States, including in Pennsylvania.

10. At all relevant times Defendants have been employers within the meaning of the FLSA and the PMWA.

11. At all relevant times Defendants have been enterprises engaged in interstate commerce with annual revenues in excess of $500,000 and have been subject to the provisions of the FLSA and the PMWA.

## Statement of Claims

12. As equipment operators, Plaintiffs worked for Defendants on natural gas well sites around Canonsburg, Pennsylvania, and Watsontown, Pennsylvania, to perform wireline pressure control services—*i.e.*, the process of using specialized equipment to control the pressure of natural gas wells during the wireline phase of the hydraulic fracturing ("fracking") process.

13. In general, Plaintiffs worked a so-called 30/10 schedule—*i.e.*, a schedule where Plaintiffs worked on location at well sites for 30 consecutive days and then received 10 days of rest.

14. The 30/10 schedule was not strictly enforced, however:  In some periods Plaintiffs worked more than 30 consecutive days on location at well sites (sometimes as many as 90 consecutive days or more) without receiving any days off work.

15.  When Plaintiffs were working on location at well sites, they typically worked 12-hour shifts, although they sometimes worked 14, 16, or more hours consecutively depending on Defendants' needs.

16. In some instances, such as when there were no other equipment operators available to relieve them, Plaintiffs worked shifts of 24 or more consecutive hours.

17. Plaintiffs regularly worked more than 40 hours in a single week, often worked more than 60 hours in a single week, and sometimes worked more than 100 hours in a single week.

4

18. Aside from Plaintiffs' work on site operating equipment, Plaintiffs also regularly transported equipment and supplies to various natural gas well sites in support of Defendants' operations on those well sites.

19. For example, when Plaintiffs were not actually operating pressure control equipment, Plaintiffs often received phone calls from a dispatcher at Defendants' Canonsburg, Pennsylvania shop, or Watsontown, Pennsylvania shop with instructions to Plaintiffs on what equipment or supplies Plaintiffs needed to deliver to natural gas well sites on which Defendants were conducting operations.

20. To enable Plaintiffs to transport equipment and supplies in support of Defendants' operations, and to allow Plaintiffs to travel to well sites at which they were operating equipment, Defendants provided Plaintiffs with company pickup trucks (one truck per person).

21. Plaintiffs regularly used the pickup trucks to transport equipment and supplies to and from natural gas well sites as needed to support Defendants' operations around Canonsburg, Pennsylvania.

22. As equipment operators, Plaintiffs also worked off-site in Defendants' facilities in Canonsburg, Pennsylvania and Watsontown, Pennsylvania to clean and maintain equipment between stints working in the field.

23. When they worked off-site in Defendants' facilities in Canonsburg, Pennsylvania and Watsontown, Pennsylvania, Plaintiffs regularly used their company-issued pickup trucks to make deliveries of equipment and supplies to natural gas well sites around those locations.

24. The pickup trucks that Plaintiffs drove while employed by Defendants had Gross Vehicle Weight Ratings (GVWR) of less than 10,001 pounds.

25. Plaintiffs were regularly called upon to drive, load, or inspect vehicles with GVWR of less than 10,001 pounds.

5

26. Plaintiffs in fact drove, loaded, and inspected vehicles with GVWR of less than 10,001 pounds.

27. Defendants promised Plaintiffs that they would be paid a certain monthly salary plus a fixed, non-discretionary bonus for each day that they worked on location at a well site.

28. Throughout the time Plaintiffs worked for Defendants, Plaintiffs received a salary of about $4,000 per month.

29. Defendants also paid Plaintiffs a fixed, non-discretionary bonus for each day that Plaintiffs worked on location at a well site.

30. Defendants classified Plaintiffs as "exempt" from the overtime requirements of the FLSA and PMWA, and Defendants did not pay any overtime premium pay to Plaintiffs when they worked more than forty hours in a single workweek.

31. Defendants' classification of Plaintiffs as "exempt" from the overtime requirements of the FLSA and PMWA was incorrect, and Defendants were required to pay overtime premium pay to Plaintiffs whenever they worked more than forty hours in a single workweek.

32. Defendants knew that they were required to pay Plaintiffs overtime pursuant to the FLSA and the PMWA.

33. Several Plaintiffs asked Defendants' managers whether Plaintiffs and other equipment operators should be getting paid overtime for their hours in excess of 40 in a single week.

34. Those managers and supervisors told Plaintiffs that they were not entitled to overtime.

35. This was false.  In fact, Plaintiffs were entitled to overtime under both the FLSA and the PMWA.

36. During the course of Plaintiffs' employment, Defendants knew that their refusal to pay overtime premium pay to Plaintiffs was a violation of the overtime provisions of the FLSA and

PMWA, and Defendants acted in reckless disregard of the overtime provisions of the FLSA and PMWA.

37. During Plaintiffs' employment, at the Canonsburg, Pennsylvania and Watsontown, Pennsylvania yards, Defendants failed to post the requisite clear notice of Plaintiffs' rights under the FLSA and the PMWA.

### COUNT I:  Fair Labor Standards Act - Failure to Pay Overtime

38. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

39. Plaintiffs are current or former employees of Defendants within the meaning of the FLSA.

40. Defendants are employers within the meaning of the FLSA.

41. Defendants classified Plaintiffs as exempt from the overtime provisions of the FLSA.

42. Defendants did not pay overtime premium pay to Plaintiffs.

43. Plaintiffs were not exempt from the overtime provisions of the FLSA.

44. Each Plaintiff worked in excess of 40 hours in certain workweeks and, in at least one workweek, was not compensated in full for time worked in excess of 40 hours.

45. Defendants' failure to pay overtime wages to Plaintiffs violated the overtime provisions of the FLSA.

46. Under the FLSA, Plaintiffs are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

47. The overtime rates of pay at issue—i.e., the overtime rates of pay at which Plaintiffs are entitled to recover—must include the non-discretionary on-site bonuses earned by Plaintiffs.

7

48. Under the FLSA, Plaintiffs are also entitled to recover liquidated damages in an amount equal to their unpaid overtime.

49. Because Defendants' violations of the FLSA were knowing and intentional, the FLSA's three-year statute of limitation applies to Plaintiffs' claims for overtime under the FLSA.

50. Because Defendants' managers falsely told Plaintiffs that they were exempt from the overtime provisions of the FLSA, Plaintiffs are entitled to equitable tolling of their FLSA claims.

51. Because Defendants failed to post the requisite clear notice of Plaintiffs' rights under the FLSA, Plaintiffs are entitled to equitable tolling of their FLSA claims.

## COUNT II:  Pennsylvania Minimum Wage Act - Failure to Pay Overtime

52. Plaintiffs incorporate by reference the preceding paragraphs of this complaint as though the same were set forth fully herein.

53. Plaintiffs are current or former employees of Defendants within the meaning of the PMWA.

54. Defendants are employers within the meaning of the PMWA.

55. Defendants classified Plaintiffs as exempt from the overtime provisions of the PMWA.

56. Defendants did not pay overtime premium pay to Plaintiffs.

57. Plaintiffs were not exempt from the overtime provisions of the PMWA.

58. Each Plaintiff worked in excess of 40 hours in certain workweeks and, in at least one workweek, was not compensated in full for time worked in excess of 40 hours.

59. Defendants' failure to pay overtime wages to Plaintiffs violated the overtime provisions of the PMWA.

60. Under the PMWA, Plaintiffs are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

61. The overtime rates of pay at issue—i.e., the overtime rates of pay at which Plaintiffs are entitled to recover—must include the non-discretionary on-site bonuses earned by Plaintiffs.

62. Because Defendants' managers falsely told Plaintiffs that they were exempt from the overtime provisions of the PMWA, Plaintiffs are entitled to equitable tolling of their PMWA claims.

63. Because Defendants failed to post the requisite clear notice of Plaintiffs' rights under the PMWA, Plaintiffs are entitled to equitable tolling of their PMWA claims.

## **PRAYER FOR RELIEF**

64. Wherefore, Plaintiffs respectfully request that this Court enter judgment awarding them:

    a.  money damages in an amount equal to the overtime compensation they are due,

    b.  liquidated damages under the FLSA in an amount equal to the overtime compensation they are due,

    c.  interest, reasonable attorneys' fees, and costs, and

    d.  all other relief that is just and proper.

Dated: March 4, 2016
       Pittsburgh, PA

Respectfully submitted,

/s/ Joseph H. Chivers

Joseph H. Chivers, Esq.
jchivers@employmentrightsgroup.com
PA ID No. 39184

THE EMPLOYMENT RIGHTS GROUP
100 First Avenue, Suite 650
Pittsburgh, PA  15222
Tel.:  (412) 227-0763

*Counsel for Plaintiffs*

9