UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------ x
SAMMY MOZINGO; JAMIE HOLLOWAY; :
GEORGE BOLEN, JR.; DON BRATTON; :
MICHAEL BURCHIK; BARRETT :
DUPLECHAIN; WAYNE EDDY; MICHAEL :
FRANCIS; MATTHEW FRICK; MICHAEL :
GEORGE; KARI GORDON; CHRIS GRYMES; :
STEPHEN SOLTESZ-HAUGHTON; MILTON :
HOLIFIELD; DANIEL HOLIFIELD; MICHAEL :
HOLIFIELD; RYAN KARMANN; BRIAN :
KUBIAK; CHADRICK LEOPAUL; JASON LETT; :   Civil Action No. 2:15-529
DONALD LEWIS; GREG MORRILL; ROBERT :
PICKEL; SCOT POND; RYAN SHOWS; :
JEFFREY STEFFISH; BRIAN TULLY; STEPHEN :   Judge Cathy Bissoon
WALTERS; MATT WILLIAMS, :
                                                                                :
         *Plaintiffs*,                                                :   Electronically Filed
                                                                                :
                     v.                                             :
                                                                                :
OIL STATES ENERGY SERVICES, L.L.C. f/k/a :
SPECIALTY TANK SUPPLY; OIL STATES :
ENERGY SERVICES HOLDING, INC.; OIL :
STATES INTERNATIONAL, INC. :
                                                                                :
         *Defendants*.                                              :
------------------------------------------------------------------ x

**Joint Motion for Approval of FLSA Settlements**

Plaintiffs Sammy Mozingo, Jamie Holloway, Barrett Duplechain, Michael Francis, Chris Grymes, Milton Holifield, Daniel Holifield, Michael Holifield, Chadrick Leopaul, Donald Lewis, Greg Morrill, Ryan Shows, Brian Tully, and Stephen Walters, and Defendant Oil States Energy Services, LLC, by and through their respective counsel, respectfully seek the Court's approval of the parties' settlement of claims brought under the Fair Labor Standards Act, 29 U.S.C. § 207(a). In support of the motion, the parties state as follows:

1. Plaintiffs Sammy Mozingo and Jamie Holloway filed the original class- and collective-action complaint in this matter on April 22, 2015. [ECF No. 1.] According to that

complaint, Defendant Oil States Energy Services, LLC misclassified the field service supervisors, crane operators, and frac hands who worked out of the defendant's Pennsylvania districts as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA).

2. On August 25, 2015, the two named plaintiffs amended their complaint to remove the class- and collective-action allegations and to convert this lawsuit into an individual action on behalf of 30 individual plaintiffs, each of whom had worked out of the defendant's district offices in Canonsburg, Pennsylvania, and Watsontown, Pennsylvania. [ECF No. 37.]

3. The parties engaged in substantial discovery, including dozens of depositions. The discovery period expired on June 21, 2016.

4. On June 14, 2016, plaintiff Gregory Morrill and defendant Oil States Energy Services, LLC agreed to settle the FLSA and PMWA claims asserted against Oil States by Mr. Morrill. Mr. Morrill agreed to release all of his claims against Oil States in exchange for the payment of $5,000, plus other terms and conditions, as set forth in the settlement agreement attached as Exhibit A.

5. On June 22, 2016, the parties participated in a settlement conference conducted by the Court. In the course of that settlement conference, plaintiffs Sammy Mozingo, Jamie Holloway, Barrett Duplechain, Michael Francis, Christian Grymes, Milton Joseph Holifield III, Daniel Holifield, Michael Jay Holifield, Chadrick Mitchell Leopaul, Donald Anthony Lewis, and Brian Tully agreed to settle their FLSA and PMWA claims against Oil States, as set forth in the settlement agreement attached as Exhibit B.

6. On June 24, 2016, plaintiff Stephen Walters agreed to settle his PMWA and FLSA claims against Oil States in exchange for the payment of $5,000, plus other terms and conditions, as described in the settlement agreement attached as Exhibit B.

7. On July 6, 2016, plaintiff Cleburn Ryan Shows agreed to settle his PMWA and FLSA claims against Oil States in exchange for the payment of $15,000, plus other terms and conditions, as described in the settlement agreement attached as Exhibit B.

8. The settling parties now seek the Court's approval of the settlement terms set forth in the settlement agreements attached as Exhibits A and B.

9. Although the Third Circuit "has not yet weighed in on whether court approval of settlement agreements is required in FLSA cases," *Mesta v. Citizens Bank, N.A.*, 2015 WL 4039358, at *1 (W.D. Pa. June 30, 2015), certain federal courts of appeals have held that the private settlement of individual FLSA claims is not valid and enforceable absent judicial review and approval of the terms of settlement, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201-07 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982). That view has been adopted by courts and litigants in this district. *See Sobiech v. Whipperhill Consulting, LLC*, 2015 WL 6736820, at *1 (W.D. Pa. Nov. 3, 2015) (Eddy, J.); *Pollock v. Byrider Finance, LLC*, 2015 WL 4040400, at *1 (W.D. Pa. June 30, 2015) (Lenihan, J.); *Weismantle v. Jali*, 2015 WL 1866190, at *1 (W.D. Pa. Apr. 23, 2015) (Hornak, J.); *Vargas v. Gen. Nutrition Centers, Inc.*, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015) (McVerry, J.).

10. Before approving a proposed FLSA settlement, the district court should determine whether "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. June 20,

2012) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). "In scrutinizing the agreement for reasonableness and fairness, courts generally proceed in two steps, first considering whether the agreement is fair and reasonable to the plaintiff-employees and, if found to be fair and reasonable, then considering whether it furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." *Altenbach v. Lube Ctr, Inc.*, 2013 WL 74251, at *1 (M.D. Pa. Jan. 4, 2013) (quoting *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, at *4 (E.D. Pa. Mar. 26, 2012)).

11. The settlement terms memorialized in the settlement agreements attached as Exhibits A and B are fair and reasonable. In this lawsuit, 29 plaintiffs assert claims for unpaid overtime compensation under the FLSA and PMWA. Fifteen plaintiffs have not settled their FLSA and PMWA claims and will continue to litigate those claims. But the 14 plaintiffs identified above have agreed to settle their FLSA and PMWA claims for a total sum of $176,500, inclusive of their fees and costs. That amount is significantly lower than the aggregate amount those plaintiffs sought in this litigation, and after many months of discovery, the settling plaintiffs continue to believe that Oil States is liable to them for substantial damages—more than one million dollars, in the plaintiffs' view. But Oil States vigorously denies the allegations in the complaint, has asserted several defenses to liability, disagrees with the plaintiffs' estimates of hours worked, and rejects the plaintiffs' proposed method of calculating damages. This settlement allows the settling plaintiffs to recover reasonable sums from the defendant while avoiding the substantial burdens and costs of continued litigation. The settlement also allows the plaintiffs to recover their litigation costs and to avoid the risk of loss at trial or on appeal. Thus it is a fair and reasonable settlement.

12. This lawsuit also involves a bona fide employment dispute. A bona fide employment dispute is one that relates to factual issues rather than legal disputes concerning the

statute's coverage or applicability. *See Lignore v. Hosp. of Univ. of Pa.*, 2007 WL 1300733, at *3 (W.D. Pa. May 1, 2007). That is the case here: The parties have elected to settle this lawsuit to resolve disagreements about the extent to which the settling plaintiffs performed exempt tasks in the course of their employment for Oil States. The plaintiffs maintain that their primary duty as field service supervisors was to operate heavy equipment in connection with the production of natural gas, but Oil States contends that the plaintiffs primarily acted as supervisors and administrators who exercised significant discretion related to the company's operations. That disagreement about the plaintiffs' primary job duties constitutes a bona fide employment dispute, and accordingly the settlement of that dispute is not a "mere waiver of statutory rights," *see Cuttic*, 868 F. Supp. 2d at 466.

WHEREFORE, plaintiffs Barrett Duplechain, Michael Francis, Christian Grymes, Milton Joseph Holifield III, Daniel Holifield, Michael Jay Holifield, Jamie Holloway, Chadrick Mitchell Leopaul, Donald Anthony Lewis, Gregory Morrill, Sammy Mozingo, Cleburn Ryan Shows, Brian Tully, and Stephen Walters and defendant Oil States Energy Services, LLC respectfully ask the Court to approve the settlement of the FLSA claims that the settling plaintiffs assert in this lawsuit.

A proposed order is attached.

<u>Dated</u>:  August 11, 2016

Respectfully submitted,

/s/ Zachary K. Warren

Joseph H. Chivers, Esq.
   jchivers@employmentrightsgroup.com
   PA ID No. 39184
Zachary K. Warren, Esq.
   zkw@employmentrightsgroup.com
   DC ID No. 1015292
THE EMPLOYMENT RIGHTS GROUP
100 First Avenue, Suite 650
Pittsburgh, PA  15222
Tel.: (412) 227-0763

*Counsel for Plaintiffs*

/s/ William R. Stukenberg

William R. Stukenberg, Esq.
   William.stukenberg@jacksonlewis.com
Jaime F. Cespedes, Esq.
   James.Cespedes@jacksonlewis.com
JACKSON LEWIS, P.C.
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, TX 77002
Tel.: (713) 650-0404

A. Patricia Diulus-Myers, Esq.
   DiulusMP@jacksonlewis.com
Bethany Swaton Wagner, Esq.
   Bethany.Wagner@jacksonlewis.com
Cory E. Ridenour, Esq.
   Cory.Ridenour@jacksonlewis.com
David E. Renner, Esq.
   David.Renner@jacksonlewis.com
JACKSON LEWIS, P.C.
1101 Liberty Ave., Suite 1000
Pittsburgh, PA 15222
Tel.: (412) 338-5141

William L. Davis, Esq.
   DavisW@jacksonlewis.com
Talley R. Parker, Esq.
   Talley.parker@jacksonlewis.com
JACKSON LEWIS, P.C.
500 N. Akard, Suite 2500
Dallas, TX 75201
Tel.: (972) 728-3297

*Counsel for Defendants*