IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MOZINGO,** *et al.* | : CIVIL ACTION |
| | : |
| v. | : NO. 15-529 |
| | : |
| **OIL STATES ENERGY SERVICES,** | : |
| **L.L.C.,** *et al.* | : |

# ORDER-MEMORANDUM

**AND NOW**, this 28th day of July 2017, upon considering Plaintiffs' Motion *in limine* to exclude evidence and argument concerning half-rate damages (ECF Doc. No. 265), Defendants' Response (ECF Doc. No. 270), and Plaintiffs' Reply (ECF Doc. No. 283), it is **ORDERED** Plaintiffs' Motion (ECF Doc. No. 265) is **DENIED in part** and **GRANTED** in part:

1. Plaintiffs' Motion is **denied without prejudice** as to half-time premiums under the Fair Labor Standards Act as they did not adduce an undisputed factual record and, unless stipulated, the jury, based on our charge, may need to decide whether the "nondiscretionary bonuses" are tied to hours worked or performance; and,

2. As unopposed, Plaintiffs' Motion is **granted** to preclude Defendants from offering evidence or arguing the Plaintiffs are entitled to only half-time overtime premiums under the Pennsylvania Minimum Wage Act or for calculating bonuses under the Fair Labor Standards Act.

## *Analysis*

Plaintiff fracking well workers sued Defendants for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA")[1] and the Pennsylvania Minimum Wage Act[2] arising from Defendants' alleged misclassification of Plaintiffs as exempt employees. Plaintiffs argue if they prevail at trial on their FLSA claims, they are entitled to an overtime premium of one-and-a-half the regular rate of the salary portion of their wages, but only half their regular rate for their bonuses. Plaintiffs also contend the Pennsylvania Minimum Wage Act claims permit an overtime premium of one-and-a-half the regular rate for both their salary and bonuses. Defendants contend the appropriate methodology for calculating the overtime premium under the FLSA is one-half the regular rate. Defendants do not address the appropriate overtime premium methodology under the Pennsylvania Minimum Wage Act.

The FLSA's appropriate methodology depends upon the nature of their bonus payments, which the parties did not adequately address. But, as Defendants do not dispute Plaintiffs' methodology for calculating overtime premiums under the Pennsylvania Act or for calculating bonuses under the FLSA, we grant Plaintiffs' motion on these issues and preclude Defendants from arguing a contrary methodology.

**A. Background regarding the fluctuating workweek.**

The typical method for compensating employees for unpaid overtime is to pay them one and one-half times the "regular rate" at which they are employed.[3] The "regular rate" is a mathematical calculation: "[w]age divided by hours equals regular rate," and overtime hours

---

[1] 29 U.S.C. § 201 *et seq.*

[2] 43 P.S. § 333.101 *et seq.* ("Pennsylvania Act").

[3] 29 U.S.C. § 207(a)(1).

2

constitute "[t]ime and a half [the] regular rate for hours employed beyond statutory maximum."[4] "There are two components to the calculation: (1) the dividend, which includes total remuneration minus statutory exclusions; and (2) the divisor, which includes all hours worked."[5]

The fluctuating workweek method changes this overtime premium calculus, requiring an overtime premium of just one-half the employee's regular rate.[6] This method originated from the Supreme Court's 1942 decision in *Overnight Motor Transportation Company v. Missel*, which held employers and employees may agree to a "fixed weekly wage" regardless of the hours worked in workweek, with payment of a half-time premium for each overtime hour worked.[7] The practical effect of this overtime payment method is an employee's regular rate of pay and overtime premium fluctuate each week depending on the number of hours worked that week; the more the employee works in a workweek, the less the employee's regular rate and overtime premium.[8]

Following *Missel*, the Department of Labor issued an interpretive guideline outlining the fluctuating workweek method in 29 C.F.R. § 778.114.[9] This regulation does not have the force of law, but is "the official interpretation of the Department of Labor with respect to the meaning and application of the maximum hours and overtime pay requirements contained in section 7 of

---

[4] *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 n.16 (1942).

[5] *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (citing 29 C.F.R. § 778.109).

[6] 29 C.F.R. § 778.114(a).

[7] *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310–11 (11th Cir. 2013); *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 (1942).

[8] *See Missel*, 316 U.S. at 580.

[9] *Lamonica*, 711 F.3d at 1311.

the Act."[10] As such, it is not due *Chevron* deference, but merely "respect under *Skidmore v. Swift*, 323 U.S. 134 [] (1944), but only to the extent [it] has the power to persuade."[11] "To be persuasive, an agency interpretation cannot run contrary to Congress's intent as reflected in a statute's plain language and purpose."[12]

Under § 778.114,

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many.[13]

Under this method, the parties must have a "clear mutual understanding . . . the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period."[14] The fixed salary must be large enough to compensate the employee at least the minimum wage rate.[15] For overtime hours, the employer need only pay the employee an overtime premium of one-half the employee's regular rate.[16] "Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such

---

[10] 29 C.F.R. § 778.1.

[11] *Madison v. Res. for Human Dev., Inc.*, 233 F.3d 175, 186 (3d Cir. 2000) (quoting *Christensen v. Harris County,* 529 U.S. 576, 587 (2000)) (quotation marks omitted).

[12] *Id.* at 187 (citation omitted).

[13] 29 C.F.R. § 778.114(a).

[14] *Id.*

[15] *Id.*

[16] 29 C.F.R. § 778.114(a).

4

hours have already been compensated at the straight time regular rate, under the salary arrangement."[17]

Plaintiffs argue Defendants cannot rely on the fluctuating workweek method's half-rate formula for two reasons. First, they argue Defendants did not pay Plaintiffs a "fixed" salary under the fluctuating workweek method because Defendants paid Plaintiffs nondiscretionary bonuses in addition to a weekly salary. Second, they argue the half-rate formula does not apply in a misclassification case because there necessarily is no "clear mutual understanding" between the employer and employee the fixed salary covers all hours worked. We reject both arguments.

**B. Under *Missel*, an employee does not receive a fixed wage where bonuses are tied to hours worked.**

The payment of a fixed weekly salary with additional nondiscretionary bonuses *not tied to hours worked* is consistent with *Missel* and § 778.114(a). We draw this conclusion based in large part on *Lalli v. General Nutrition Centers, Inc.*, 814 F.3d 1 (1st Cir. 2016). In *Lalli*, the Court of Appeals for the First Circuit held an employee does not receive a "fixed" salary "as straight time pay" when he is paid a bonus which varies based on the hours worked.[18] Alternatively, when an employee's bonus "fluctuates as a direct result of the hour he is called upon to work . . . . [h]is compensation, by definition, varies with respect to the particular hour without regard to whether that hour is spent productively or idly."[19] "Simply put, one cannot have a 'fixed salary' based on all hours worked if all hours worked do not fall within that fixed salary."[20]

---

[17] *Id.*

[18] *Lalli v. General Nutrition Centers, Inc.,* 814 F.3d 1, 5, 7 (1st Cir. 2016).

[19] *Id.* at 7.

The court thus drew a distinction between "time-based bonuses" and "performance-based bonuses," stating "[a]lmost every court to have considered whether the 'fixed weekly salary' requirement is breached by paying an employee bonuses tied to performance has held . . . so long as the bonuses . . . are not tied to the number of hours worked by the employee, they are consistent with that requirement."[21] Alternatively, "almost every court . . . has held that paying an employee hours-based, or time-based, bonuses and premiums—such as extra pay for holiday, weekend, or night work—offends § 778.114's requirement of a 'fixed weekly salary.'"[22]

The parties do not describe the nature of Plaintiffs' bonuses, and we adopt Plaintiffs' characterization of the bonuses as "nondiscretionary" because Defendants do not dispute this characterization. Even so, we lack facts enabling us to conclude whether Plaintiffs' nondiscretionary bonuses are tied to hours worked, and we do not know whether the parties genuinely dispute this issue. At trial, the evidence may show Plaintiffs' bonuses are tied to performance, in which case Plaintiffs' weekly salary (notwithstanding the bonuses) is "fixed" under *Missel*, thereby precluding Plaintiffs from arguing for a time-and-a-half overtime premium. So long as the bonuses are not tied to hours worked, the payment of a fixed weekly salary with nondiscretionary bonuses is consistent with *Missel* and the Department of Labor's interpretive guideline in § 778.114.

---

[20] *Id.* at 6.

[21] *Id.* at 8 (quoting *Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245, 256–57 (S.D.N.Y. 2013)) (footnote, quotation marks, citation, and brackets omitted).

[22] *Id.* (quoting *Wills*, 981 F. Supp. 2d at 255–56) (brackets omitted).

### C. *Missel* does not require a "clear mutual understanding" the employee's fixed wage would cover overtime hours.

We reject Plaintiffs' second argument the half-rate formula cannot apply in a misclassification case because there is no "clear mutual understanding" the employee's fixed wage would cover overtime hours. The "clear mutual understanding" requirement does not come from *Missel*, but from § 778.114(a). *Missel* merely requires a contract for a fixed weekly wage.[23] It does not require the employee to have a clear understanding with respect to the payment of overtime wages. We acknowledge courts have held "an employee cannot achieve a clear, mutual understanding as to whether a fixed salary is intended to cover all hours worked unless that understanding includes some provision for the payment of overtime" because "without it, there is no understanding as to an 'agreed wage' under *Missel*."[24] We disagree with this analysis because requiring a clear, mutual understanding with respect to the payment of overtime calls for more than what *Missel* requires. *Missel* requires "an agreement for a fixed weekly wage for irregular hours."[25]

_____
**KEARNEY, J.**

---

[23] *Missel*, 316 U.S. at 580.

[24] *Costello v. Home Depot USA, Inc.*, 944 F. Supp. 2d 199, 207 (D. Conn. 2013).

[25] *Missel*, 316 U.S. at 574.