UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------- x
SAMMY MOZINGO; JAMIE HOLLOWAY;            :
GEORGE BOLEN, JR.; DON BRATTON;           :
MICHAEL BURCHIK; BARRETT                  :
DUPLECHAIN; WAYNE EDDY; MICHAEL           :
FRANCIS; MATTHEW FRICK; MICHAEL           :
GEORGE; KARI GORDON; CHRIS GRYMES;        :
STEPHEN SOLTESZ-HAUGHTON; MILTON          :
HOLIFIELD; DANIEL HOLIFIELD; MICHAEL      :
HOLIFIELD; RYAN KARMANN; BRIAN            :
KUBIAK; CHADRICK LEOPAUL; JASON LETT;     :
DONALD LEWIS; GREG MORRILL; ROBERT        : Civil Action No. 2:15-529
PICKEL; SCOT POND; RYAN SHOWS;            :
JEFFREY STEFFISH; BRIAN TULLY; STEPHEN    :
WALTERS; MATT WILLIAMS,                   : Judge Mark A. Kearney
                                          :
        *Plaintiffs*,                     :
                v.                        :
                                          :
OIL STATES ENERGY SERVICES, L.L.C. f/k/a  :
SPECIALTY TANK SUPPLY; OIL STATES         :
ENERGY SERVICES HOLDING, INC.; OIL        :
STATES INTERNATIONAL, INC.                :
                                          :
        *Defendants.*                     :
---------------------------------------------------------------- x

**Joint Motion for Approval of Brian Kubiak's FLSA Settlement**

Plaintiff Brian Kubiak and Defendant Oil States Energy Services, LLC, by and through their respective counsel, respectfully seek the Court's approval of the parties' settlement of claims brought under the Fair Labor Standards Act, 29 U.S.C. § 207(a). In support of the motion, the parties state as follows:

1. Former plaintiffs Sammy Mozingo and Jamie Holloway filed the original class- and collective-action complaint in this matter on April 22, 2015. ECF No. 1. According to that complaint, Defendant Oil States Energy Services, LLC misclassified certain employees who

worked out of the defendant's Pennsylvania districts as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA).

2. On August 25, 2015, the two named plaintiffs amended their complaint to remove the class- and collective-action allegations and to convert this lawsuit into an individual action on behalf of 30 individual plaintiffs, each of whom had worked out of the defendant's district offices in Pennsylvania. ECF No. 37.

3. The parties have engaged in substantial discovery, including dozens of depositions. The Court has denied the parties' cross-motions for summary judgment, ECF Nos. 201-202, and Mr. Kubiak's case is set for trial on November 13, 2017, ECF Nos. 224, 319.

4. On August 18, 2017, Plaintiff Brian Kubiak and Defendant Oil States Energy Services, LLC agreed to settle the FLSA and PMWA claims asserted against Oil States by Mr. Kubiak. Mr. Kubiak agreed to release all of his claims against Oil States in exchange for the payment of $14,000, plus other terms and conditions.

5. The settling parties now seek the Court's approval of the settlement terms set forth in the settlement agreement attached as Exhibit A.

6. Although the Third Circuit "has not yet weighed in on whether court approval of settlement agreements is required in FLSA cases," *Mesta v. Citizens Bank, N.A.*, 2015 WL 4039358, at *1 (W.D. Pa. June 30, 2015), certain federal courts of appeals have held that the private settlement of individual FLSA claims is not valid and enforceable absent judicial review and approval of the terms of settlement, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201-07 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982). That view has been adopted by courts and litigants in this district. *See Sobiech v. Whipperhill Consulting, LLC*, 2015 WL 6736820, at *1 (W.D. Pa. Nov. 3, 2015) (Eddy,

J.); *Pollock v. Byrider Finance, LLC*, 2015 WL 4040400, at *1 (W.D. Pa. June 30, 2015) (Lenihan, J.); *Weismantle v. Jali*, 2015 WL 1866190, at *1 (W.D. Pa. Apr. 23, 2015) (Hornak, J.); *Vargas v. Gen. Nutrition Centers, Inc.*, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015) (McVerry, J.).

7. The parties to this case have submitted previous settlement agreements to the Court for approval, *see* ECF No. 99, and the Court has approved those settlements, *see* ECF No. 101.

8. Before approving a proposed FLSA settlement, the district court should determine whether "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. June 20, 2012) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). "In scrutinizing the agreement for reasonableness and fairness, courts generally proceed in two steps, first considering whether the agreement is fair and reasonable to the plaintiff-employees and, if found to be fair and reasonable, then considering whether it furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." *Altenbach v. Lube Ctr, Inc.*, 2013 WL 74251, at *1 (M.D. Pa. Jan. 4, 2013) (quoting *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, at *4 (E.D. Pa. Mar. 26, 2012)).

9. Mr. Kubiak is the fifteenth plaintiff to reach a settlement with Oil States, and the settlement terms memorialized in the settlement agreement attached as Exhibit A are fair and reasonable. As set forth in the Group Two plaintiffs' pretrial memorandum, Mr. Kubiak has the smallest claim of the 15 remaining plaintiffs in this action: He seeks total FLSA damages of $13,807 (including liquidated damages), plus reasonable attorneys' fees and costs. *See* ECF No. 298, at 5. Thus the agreed-upon settlement amount of $14,000 exceeds the amount of FLSA damages sought by Mr. Kubiak in this litigation. In addition, because Mr. Kubiak left Oil States

in October 2012—more than two years before he joined this lawsuit against Oil States—he will not be entitled to recover any FLSA damages at trial unless he establishes that the defendant's failure to pay overtime to him was willful or reckless.  In light of the relatively small amount of damages sought by Mr. Kubiak and his heightened burden to recover any damages, this is a fair and reasonable settlement of Mr. Kubiak's FLSA claim—especially given that Oil States vigorously denies the allegations in the complaint, has asserted several defenses to liability, disagrees with Mr. Kubiak's estimates of hours worked, and rejects the plaintiffs' proposed method of calculating damages.  This settlement allows Mr. Kubiak to recover a reasonable sum from the defendant while avoiding the substantial burdens and costs of continued litigation.  The settlement also allows Mr. Kubiak to recover his litigation costs and to avoid the risk of loss at trial or on appeal.  Thus it is a fair and reasonable settlement.

10. This lawsuit also involves a *bona fide* employment dispute. A *bona fide* employment dispute is one that relates to factual issues rather than legal disputes concerning the statute's coverage or applicability. *See Lignore v. Hosp. of Univ. of Pa.*, 2007 WL 1300733, at *3 (W.D. Pa. May 1, 2007). That is the case here: The parties have elected to settle this lawsuit to resolve disagreements about the extent to which Mr. Kubiak performed exempt tasks in the course of his employment for Oil States.  Mr. Kubiak maintains that his primary duty was to assemble, test, and operate heavy equipment in connection with the production of natural gas, but Oil States contends that Mr. Kubiak primarily acted as a supervisor and administrator who exercised significant discretion related to the company's operations.  That disagreement about Mr. Kubiak's primary job duties constitutes a *bona fide* employment dispute, and accordingly the settlement of that dispute is not a "mere waiver of statutory rights," *see Cuttic*, 868 F. Supp. 2d at 466.

WHEREFORE, Plaintiff Brian Kubiak and Defendant Oil States Energy Services, LLC respectfully ask the Court to approve the settlement of Mr. Kubiak's FLSA claim. A proposed order is attached.

| | |
|---|---|
| **Dated**:  September 21, 2017 | Respectfully submitted, |
| /s/ Zachary K. Warren | /s/ William R. Stukenberg |
| Samuel Bryant Davidoff, Esq. (*pro hac vice*)<br>    DC Bar No. 978175<br>    sdavidoff@wc.com<br>Zachary K. Warren, Esq.<br>    DC Bar No. 1015292<br>    zwarren@wc.com<br>Michelle L. Hood, Esq. (*pro hac vice*)<br>    DC Bar No. 1034995<br>    mhood@wc.com<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Tel.:  (202) 434-5000<br>Fax: (202) 434-5029 | William R. Stukenberg, Esq. (*pro hac vice*)<br>JACKSON LEWIS, P.C.<br>Wedge International Tower<br>1415 Louisiana Street, Suite 3325<br>Houston, TX 77002<br>Tel.: (713) 650-0404<br>William.stukenberg@jacksonlewis.com<br><br>William L. Davis, Esq. (*pro hac vice*)<br>JACKSON LEWIS, P.C.<br>500 N. Akard, Suite 2500<br>Dallas, TX 75201<br>Tel.: (972) 728-3297<br>DavisW@jacksonlewis.com |
| Joseph H. Chivers, Esq.<br>PA Bar. No. 39184<br>THE EMPLOYMENT RIGHTS GROUP<br>100 First Avenue, Suite 650<br>Pittsburgh, PA 15222<br>Tel.: (412) 227-0763<br>Fax: (412) 774-1994<br>jchivers@employmentrightsgroup.com | Bethany Swaton Wagner, Esq.<br>JACKSON LEWIS, P.C.<br>1101 Liberty Ave., Suite 1000<br>Pittsburgh, PA 15222<br>Tel.: (412) 338-5141<br>Bethany.Wagner@jacksonlewis.com |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |