# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMMY MOZINGO, *et al.* | : | CIVIL ACTION |
| v. | : | NO. 15-529 |
| OIL STATES ENERGY SERVICES, L.L.C., *et al.* | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 5th day of October 2017, upon considering Defendants' Motion to dismiss the Pennsylvania Minimum Wage Act claims (ECF Doc. No. 341) following our granting leave to consider this dispositive issue raised in the proposed jury instructions and Plaintiffs' Opposition (ECF Doc. No. 346), it is **ORDERED** Defendants' Motion (ECF Doc. No. 341) is **GRANTED.** The parties may file supplemental jury instructions and a revised verdict slip consistent with this Order no later than **October 12, 2017.**

### *Analysis*

We are preparing to try the first of three cases where employees are claiming their employer failed to pay wages under federal and Pennsylvania law. Upon request at our final pretrial conference, we granted the parties leave to address, shortly before trial, whether the employees are entitled to overtime under Pennsylvania's Minimum Wage Act. We must address two questions: (1) whether the Pennsylvania's Motor Carrier Exception applies to a motor private carrier, and (2) whether a 2008 carve out to the federal Motor Carrier Exception Congress applies to Pennsylvania's Motor Carrier Exception to carve out employees who, in part, drive vehicles weighing less than 10,000 pounds and thus allows them to be covered by Pennsylvania's Minimum Wage Act.

### A. Motor private carriers are exempt from Pennsylvania's Minimum Wage Act.

The parties agree the employer Oil States is a "motor private carrier" but dispute whether Pennsylvania Law codified at 43 P.S. § 333.105(b)(7) exempts motor private carriers and motor carriers or only motor carriers from Pennsylvania's Minimum Wage Act. Pennsylvania's Minimum Wage Act exempts "any employe[e] of a motor carrier with respect to whom the Federal Secretary of Transportation has power to establish qualifications and maximum hours of service under 49 U.S.C. § 3102(b)(1) and (2)."[1] In 1990 when Pennsylvania enacted this exemption, § 3102(b)(1) and (2) provided "The Secretary of Transportation may prescribe requirements for (1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and (2) qualifications and maximum hours of service employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation."

The employees argue Pennsylvania's Motor Carrier Exception applies only to "motor carriers" but not "motor private carriers" because Pennsylvania's General Assembly did not use the same language for its exception as Congress used for the federal exception. At the time, Congress exempted the Fair Labor Standards Act coverage for "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 3102 of Title 49."[2] The employees "presume"

---

[1] 43 P.S. § 333.105(b)(7). The statute misspells employee. Going forward we will eliminate the brackets.

[2] 29 U.S.C. § 213(b)(1)(1983). In 1983, Congress substituted "section 3102 of title 49" for "section 204 of the Motor Carrier Act, 1935." *See* Pub. L. 97-449, § 6(b), Jan. 12, 1983, 96 Stat. 2443.

2

the General Assembly "intentionally" included "employee of motor carrier" as opposed to its federal counterpart's "any employee" to narrow the exception.[3]

The crux of the issue is whether the Pennsylvania statute's use of "any employee of a motor carrier" trumps the statute's further description of those employees as both employees of a motor carrier and employees of a motor private carrier. "[I]t is a commonplace of statutory construction that the specific governs the general."[4] The statute's reference to "employee of a motor carrier" is governed by its specific reference describing those same employees as employees under the control of the Secretary of Transportation "under 49 U.S.C. § 3102(b)(1) and (2). The General Assembly's choice to specifically identify the provisions for both motor carrier and motor private carrier governs its general use of "any employee of a motor carrier."

The employees argue the General Assembly's use of 49 U.S.C. § 3102(b)(1) and (2) to define the excepted employees as "surplusage" because the Assembly already showed "clear intent" to limit the statute to only "motor carriers." Interestingly, Senate Bill No. 1458 Session of 1990, later codified as § 333.105, as introduced only referenced 49 U.S.C. § 3102(b)(1).[5] On March 14, 1990, Senate Bill No. 1458 was amended to include "49 U.S.C. § 3102(b)(1) **AND (2)**."[6]

---

[3] The employees rely on the definitions of motor carrier and motor private carrier in 49 U.S.C. § 13102 and 49 U.S.C. § 14504. Those definitions have no bearing on this issue as Congress did not enact those statutory definitions until December 29, 1995, approximately 5 years after Pennsylvania's General Assembly enacted the motor carrier exception. *See* Pub.L. No. 104-88, Dec. 29, 1995, 109 Stat. 803; 109 Stat. 854.

[4] *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 556 U.S. 639, 639 (2012)(internal citations omitted).

[5] Pennsylvania S.B. 1458-1990 (as introduced) (Feb. 13, 1990).

[6] Pennsylvania S.B. 1458-1990 (as amended) (March 14, 1990) (emphasis added).

3

The General Assembly does not amend legislation to include a statutory cite for "surplusage" and we refuse to disregard it. A "cardinal principle of statutory construction" is "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."[7] Focusing only on the statute's phrase "any employee of motor carrier" ignores the further description of employees under the control of the Secretary of Transportation "under 49 U.S.C. § 3102(b)(1) and (2)" which cover both motor carriers and motor private carriers.[8] If we assume the General Assembly's choice of "employee of motor carrier" is an intentional decision to exclude "employees of a motor private carrier," it leaves the General Assembly's decision to identify applications to employees under § 3102(b)(2), a section only covering employees of a "motor private carrier" as insignificant. We do not accept the employees' invitation to violate a cardinal principle of statutory construction and determine *post hoc* Pennsylvania's General Assembly included a direct statutory citation as mere "surplusage."

The employees further argue this "surplusage" statutory citation is now a "nullity" because it references a "now nonexistent statute." This argument is problematic for two reasons. To disregard the General Assembly's choice to cite § 3102(b)(2) in 1990 as meaningless because the statute is now nonexistent in 2017 would violate the "fundamental canon of statutory construction that the words of a statute must be read in their context..."[9] We must interpret §

---

[7] *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)(internal citations omitted).

[8] § 333.105(b)(7).

[9] *G.L. v. Ligonier Valley School Dist. Authority*, 802 F.3d 601, 611 (3d Cir. 2015)(internal citations omitted).

4

333.105(b)(7) in its time, not disregarding a portion of the statute simply because the referenced statute is "now nonexistent."

The employees' argument § 3102(b)(2) is not "now nonexistent" borders on disingenuous. In 1994, Congress recodified and enacted "without substantive change" Title 49 including substituting "section 31502 of title 49" for "section 3102 of title 49."[10] Section 3102(b)(1) and (2) are identical to the current § 31502(b)(1) and (2) and the federal motor carrier exception now references § 31502 of Title 49 instead of § 3102 of Title 49.[11] Congress' decision to recodify § 3102 to § 31502 without a single change does not render the statute nonexistent or a nullity. The General Assembly's reference to § 3102(b)(1) and (2) is now a reference to the recodification of § 31502(b)(1) and (2) which cover both motor carriers and motor private carriers.

Pennsylvania's motor carrier exception applies as a matter of law to employees of motor carriers and employees of motor private carriers exempting them from coverage under Pennsylvania's Minimum Wage Act.

### B. The federal carve out does not apply to Pennsylvania law.

The federal Motor Carrier Exception also exempts the Fair Labor Standards Act based on the Secretary of Transportation's jurisdiction under § 31502. Since 2008, the federal Motor Carrier Exception allows the Fair Labor Standards Act to cover employees employed by a motor carrier or motor private carrier who works in part as a driver and drives vehicles weighing 10,000 pounds or less.[12]

---

[10] *See* Pub. L. 103-272, §§ 1(c), (e), 6(b), July 5, 1994, 108 Stat. 745, 862 1029, 1378.

[11] *See* 29 U.S.C. § 213(b)(1).

[12] *See* Pub. L. No. 110-244, 122 Stat. 1572 § 306(c)(1), (2)(A)(B).

5

The employees argue this same federal carve out for those who, in part, drive vehicles weighing less than 10,000 pounds applies to Pennsylvania's Motor Carrier Exception meaning Pennsylvania's Minimum Wage Act applies to Plaintiffs. In *Cerutti v. Frito Lay, Inc.*, Chief Judge Conti reviewed whether the 2008 carve out from the federal Motor Carriers Act also altered Pennsylvania's Motor Carrier Exception.[13] Chief Judge Conti found Pennsylvania's Motor Carrier Exception "unambiguously indicates that any employee over whom the federal Secretary of Transportation has the power to establish qualifications and maximum hours of service is exempt from both the minimum wage and [overtime] provisions of [Pennsylvania's Minimum Wage Act]."[14] Chief Judge Conti rejected this same argument she should "circumvent" Pennsylvania law to include the Congress' 2008 carve out relying on our court of appeals instruction "[w]e are not free to ignore the clear language of a Pennsylvania statute merely because by rewriting the state we arguably act consistently with a legislative policy."[15]

We agree with Chief Judge Conti. Pennsylvania's Motor Carrier Exception unambiguously exempts employees under the control of the Secretary of Transportation as described in § 31502 and we cannot rewrite unambiguous Pennsylvania law to match federal law. Our conclusion is bolstered by the Pennsylvania General Assembly's failure to adopt Congress' 2008 carve out for almost a decade and in the six years since Chief Judge Conti decided *Cerutti*.

KEARNEY, J.

---

[13] *See* 777 F. Supp. 2d 920, 940-41 (W.D. Pa. 2011).

[14] *Id.* at 941.

[15] *Id.* (quoting *In re Barshak*, 106 F.3d 501, 506 (3d Cir. 1997)).