# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMY MOZINGO, *et al.* | : CIVIL ACTION |
| | : |
| v. | : NO. 15-529 |
| | : |
| OIL STATES ENERGY SERVICES, L.L.C., | : |

## ORDER-MEMORANDUM

**AND NOW**, this 8th day of November 2017, upon considering Defendant's Motion to amend its Group 2 trial witness list (ECF Doc. No. 384), and Plaintiffs' Response (ECF Doc. No. 386), it is **ORDERED** Defendant's Motion (ECF Doc. No. 384) is **GRANTED in part** and **DENIED in part** and Defendant may file an amended Group 2 trial witness list with offers of proof consistent with this Order no later than **November 14, 2017.**

### *Analysis*

A group of employees sued their former employer, Oil States, for failing to pay overtime under the Fair Labor Standards Act for their work on fracking drill sites. Under Fed. R. Civ. P. 1, we separated the employees into three trial groups to avoid jury confusion.[1] Discovery closed in June 2016 and we denied summary judgment finding genuine disputes of material fact.[2] We tried the first trial group of four employees last month and the jury returned a unanimous verdict

---

[1] ECF Doc. No. 224.

[2] ECF Doc. Nos. 94, 201.

finding the employees entitled to overtime under the Fair Labor Standards Act and awarding money damages.[3]

After losing the first trial, Oil States moves to amend its witness list for the second trial. Oil States argues it needs to amend the witness list to counteract the employees' "inappropriate behavior" during the first trial which they will "likely" engage in the second and third trials.[4] Oil States seeks include three new witnesses, Rhonda Totten, Lias "Jeff" Steen, and a Custodian of Fleetmatics' records, and re-designate two already identified witnesses, Jill Curry and Terry Woodall, from testifying by deposition to "may call" live testimony. The employees object and seek further discovery if we allow Oil States to add new witnesses.

### A. Jill Curry and Terry Woodall may be called to testify.

Oil States seeks to re-designate Jill Curry and Terry Woodall from testifying by deposition to its "may call" list. Oil States does not give an offer of proof for re-designating Ms. Curry and Mr. Woodall to testify live. The employees do not object to Ms. Curry and Mr. Woodall testifying live about Oil States' overtime compliance efforts. They object to testimony outside this topic. Assuming Ms. Curry and Mr. Woodall's direct testimony will be the same topics as their designated deposition testimony (overtime compliance), Oil States may amend its witness list to include Ms. Curry and Mr. Woodall on its "may call" list to testify live.

### B. Rhonda Totten may testify limited to her relevant Rule 26 disclosure.

Oil States seeks to add Rhonda Totten, an Oil States' Human Resources Manager to its "may call" list. Oil States identified her as a potential witness in a Rule 26 disclosure.[5] Oil

---

[3] ECF Doc. No. 381.

[4] ECF Doc. No. 384 at 1-2.

[5] ECF Doc. No. 386-1 at 11.

2

States does not make an offer of proof for her trial testimony except it is designating her because, in their closing argument in the Group 1 trial, the employees suggested Oil States failed to call a Human Resources employee to testify. The employees object to Ms. Totten's testimony for failing to identify her in the pretrial memorandum. But Oil States disclosed her before discovery as a witness with "knowledge of human resources support for the locations at issue and the circumstances leading up to employee separations."[6] The employees argue they did not depose her because their separations were not at issue and they are unaware of the substance of her testimony.

The employees knew Ms. Totten could have material information long before the close of discovery. Oil States may amend to identify Ms. Totten as a trial witness limited to knowledge of human resources support for the locations at issue.

### C. Lias "Jeff" Steen may not testify.

Oil States seeks to add Lias "Jeff" Steen to its "may call" witness list. Mr. Steen is Oil States' Executive Vice President of Legal and Human Resources but Oil States does not make an offer of proof for his testimony except it is designating him because in their closing argument, the employees suggested Oil States failed to call a Human Resources employee to testify. The employees object because Oil States never disclosed Mr. Steen as a witness with relevant knowledge and never produced documents from Mr. Steen, nor have the employees deposed him. The employees request written discovery and the ability to depose Mr. Steen if we allow him to testify but also note his role as Oil States' counsel will engender privilege issues.

We deny Oil States' request to add Mr. Steen as a witness because Oil States never disclosed him as a witness under Fed. R. Civ. P. 26(a) with relevant knowledge until after we

---

[6] ECF Doc. No. 386 at 6-7.

3

tried the first case and the employees would be unduly prejudiced by allowing discovery and depositions for an entirely new witness.

### D. Fleetmatics' records custodian may overcome a hearsay objection.

At the first trial, we denied Oil States' offer of Fleetmatics' third party business records under Fed. R. Evid. 803(6)(D) because Oil States failed to offer testimony from a qualified witness "with first-hand knowledge of the record keeping procedures" to indicate the accuracy and reliability of Fleetmatics' records.[7] To remedy this hearsay problem, Oil States seeks to amend its witness list to include Fleetmatics' records custodian to overcome the hearsay objection. Oil States did not disclose Fleetmatics' custodian during discovery and did not reserve the right to identify custodial witnesses for records in the witness list for the second trial.

The employees object to Fleetmatics' custodian because Oil States failed to identify Fleetmatics in its Fed. R. Civ. P. 26(a) disclosures and produced Fleetmatics' documents shortly before discovery closed and did not conduct discovery from Fleetmatics. The employees request written discovery from Fleetmatics and ask we permit them to call an expert or summary witness to offer rebuttal testimony. The employees admit Oil States produced Fleetmatics' records during discovery eliminating unfair surprise about their content. At the first trial, we ruled Fleetmatics' records are admissible business records provided Oil States offers a witness to provide a foundation for the accuracy of the records to overcome the hearsay objection.

The only question is whether Oil States' late disclosure of Fleetmatics' record custodian as a witness unduly prejudices the employees. Under Fed. R. Civ. P. 37(c)(1), we exclude

---

[7] *See Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1343 (Fed. Cir. 1999); *see also United States v. Sokolow*, 91 F.3d 396, 403 (3d Cir. 1996) (internal citations omitted) (finding a third party business records admissible under Fed. R. Evid. 803(6) where a witness with knowledge of the record keeping provided "adequate verification or other assurance of accuracy of the information provided by an outside person").

4

witnesses not disclosed before trial under Rule 26(a) "unless the failure was substantially justified or is harmless." We determine whether exclusion is warranted under the four factors described by our court of appeals "(1) the prejudice or surprise of the party against whom the evidence would be used; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case; and, (4) bad faith or willfulness in failing to comply with the court's order."[8]

Fleetmatics' records are not a surprise to employees as we overruled their objection to the records before the first trial subject to Oil States laying a proper foundation.[9] We expect employees' able trial counsel prepared thorough cross examination for the records in the event we found Oil States laid a proper foundation for the records in the first trial. The employees can cure the prejudice, if any, through the same cross-examination it would have used in the first trial because Fleetmatics' custodian will only lay a foundation for the hearsay exception of business records, and he will not testify to personal knowledge of the employees' records. The calling of a custodian for this brief testimony (if not stipulated) will not disrupt the trial. There is no evidence of bad faith or willfulness on Oil States' part in failing to disclose a records custodian from Fleetmatics under Rule 26(a) and in its initial witness list.

KEARNEY, J.

---

[8] *Ely v. Cabot Oil & Gas Corp.*, No. 09-2284, 2016 WL 4169197 at *3 (M.D. Pa. Feb. 17, 2017) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977)(overruled on other grounds)).

[9] ECF Doc. No. 325.