# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMMY MOZINGO,** *et al.* | : CIVIL ACTION |
| | : |
| **v.** | : NO. 15-529 |
| | : |
| **OIL STATES ENERGY SERVICES, L.L.C.,** | : |

# MEMORANDUM

**KEARNEY, J.**                                                                                           November 30, 2017

Following our jury's unanimous finding an employer violated federal law by not paying overtime compensation to crane operators at its fracking sites, the winning employees now move to double the jury's award of overtime compensation. As a matter of public policy, Congress mandates these liquidated damages unless the employer shows it subjectively acted in good faith in trying to comply with the law and its attempts to comply with the law are objectively reasonable. When, as here, the employer disputes its legal obligation but does not show good faith efforts to comply with the law or demonstrate reasonable efforts to comply with the law, we must follow the Congressional mandate. In the accompanying Order, we grant the employees' post-trial motion for liquidated damages and double the amount of the jury's unanimous award of overtime compensation to the four crane operators.

## I.    Background

Employees sued their former employer, Oil States, for failing to pay overtime under the Fair Labor Standards Act for working on fracking drill sites. We tried claims from four of the employees who worked as crane operators last month. The crane operators adduced evidence they worked overtime hours but Oil States classified them as exempt from the Act and did not

pay them overtime. Oil States argued the crane operators were exempt from the Act as highly compensated employees or exempt under the Motor Carrier Act.

The crane operators adduced evidence Oil States acted willfully or recklessly through testimony from Terry Woodall, Oil States' former vice president of human resources, who believed crane operators were classified as non-exempt from the Act. Jill Curry, another former employee of Oil States' human resources department, testified she believed crane operators were non-exempt based on their job description and Oil States' paperwork describing the position as non-exempt under the Act more than once.

The jury unanimously found the crane operators entitled to overtime under the Fair Labor Standards Act and awarded money damages.[1] The jury also found Oil States willfully or recklessly failed to pay overtime compensation to the four crane operators and awarded money damages for an extra year.[2]

## II. Analysis

The crane operators, under § 216(b) of the Act, move to double the jury's award of unpaid overtime compensation as liquidated damages.[3] Congress mandates liquidated damages as part of compensatory damages "to compensate employees for losses they might suffer by reason of not receiving their lawful wage at the time it was due."[4] Congress later amended the Act providing us with discretion to award less than full liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing the his act or omission was not a violation of [the Act]."[5]

Our court of appeals has "stressed" the employer "must show good faith and reasonable grounds before [we] may exercise 'sound discretion' to deny or limit liquidated damages."[6] Oil

States has the "plain and substantial" burden of proving it is "entitled to discretionary relief from the [Act's] mandatory liquidated damages provision."[7]  To avoid liquidated damages, we must find Oil States subjectively acted in good faith in trying to comply with the Act, and then find Oil States' attempts to comply with the Act are objectively reasonable.[8]

To satisfy its burden, Oil States "must show that [it] took affirmative steps to ascertain the Act's requirements, but nonetheless, violated its provisions."[9]  If Oil States does not satisfy this burden with evidence, we are "without discretion to deny liquidated damages."[10]  Oil States' burden is difficult to meet as illustrated in *Souryavong*, where the district court awarded liquidated damages because the employer presented no evidence of its affirmative steps to comply with the Act.[11]  At the close of the employees' case, however, the district court found the employees did not adduce evidence of the employer's willfulness.[12]  The employees appealed the court's finding on willfulness arguing, among other things, the award of liquidated damages required the finding as a matter of law, employees adduced evidence of willfulness.[13]  Our court of appeals disagreed, distinguishing between the evidence of intentional acts to prove willfulness and the lesser evidentiary showing the employer lacked good faith attempts to comply with the Act.[14]  "A lack of evidence going to good faith is not the same as evidence in support of intentionality."[15]

Our jury, after three full days of evidence and several hours of deliberation, found Oil States willfully violated the Act by classifying the crane operators as exempt and failing to pay them overtime.  The jury heard two Oil States' human resource employees testify they believed crane operators were non-exempt based on their job description and Oil States' paperwork described the position as non-exempt under the Act more than once.  We instructed the jury willfulness could only be found if Oil States either knew it violated the Act or recklessly

3

disregarded the possibility of violation.[16] Under our court of appeals' instruction in *Souryavong*, we instructed the jury it must find Oil States' conduct is more than unreasonable because Oil States had to have "some degree of actual awareness" of its violation.[17] Where, as here, the jury found Oil States had some degree of actual awareness it violated the Act, we cannot find Oil States subjectively acted in good faith.[18]

Oil States argues it meets its burden because its pay plan for the crane operators conformed to industry standards. Oil States also argues we should not award liquidated damages because it had a good faith, reasonable belief the crane operators were exempt from the Act both under the highly compensated exemption and exempt under the Motor Carrier Act.

### A. Oil States' pay plan conforming to industry standards is not good faith.

Oil States argues paying crane operators a salary and a job bonus, instead of hourly with overtime, conformed to industry standard practice and thus shows good faith. Ms. Curry testified, "[i]t was an industry standard rate of pay. So it wasn't a question of we want to do one or the other [hourly plus overtime]."[19] Our court of appeals rejected this argument in *Martin* holding where an employer did not take affirmative steps to determine whether the pay plan complies with the Act, an "employer's adherence to customary and widespread industry practices that violate the Act's overtime pay provisions is not evidence of an objectively reasonable good faith violation."[20] Oil States offered no evidence it independently researched whether the industry standard salary and job pay plan for crane operators complied with the Act.

### B. Oil States did not show a good faith belief the crane operators were exempt under highly compensated exemption.

Oil States argues its belief the crane operators were exempt under the highly compensated exemption is objectively reasonable because there is a lack of clarity in how the exemption is applied. For the highly compensated exception, Oil States argues it reasonably

4

believed the crane operators were "deemed exempt" because it paid the crane operators over $100,000 a year meaning it was not required to evaluate the nature of the crane operators' specific duties under the Act. Oil States argued even if the jury found it made the wrong call, because it is a "close call", we should find its belief objectively reasonable.

Our court of appeals, in *Martin*, addressed whether uncertainty in the law is relevant for determining if Oil States' attempt to comply with the Act is objectively in good faith.[21] "While we have considered the closeness of factual or legal questions in a case arising under the Act to be relevant to a liquidated damages decision, we hold here that in order to assist an employer's case against liquidated damages, 'legal uncertainty ... must pervade and markedly influence the employer's belief; merely that the law is uncertain does not suffice.'"[22] Our court of appeals requires the employer produce "record evidence" of implementing a pay plan because it reasonably believed it complied with the Act relying on "some pervasive legal uncertainty concerning the exemption status of its employees."[23]

In explaining why crane operators were exempt under from overtime laws, Ms. Curry testified, "[t]hey were the face of the company; they were responsible for dealing with the company man; they were responsible for the service quality of the job; they were responsible for the safety of the job and the fact that we were paying them a lot of money to do that job, far more than what they would have gotten in overtime."[24] Additionally, Mr. Woodall, Oil States' Vice President of Human Resources, testified crane operators are non-exempt and Oil States had to pay overtime under the Act.[25] Mr. Woodall also testified he never reviewed the exempt classification of job positions when he joined Oil States in 2013.[26]

Oil States offered no testimony its human resource employees even knew of the legal uncertainty around the highly compensated exemption let alone researched conflicting legal

5

authority and made a good faith effort to rely on a reasonable interpretation. While Oil States' counsel ably argues there is uncertainty in caselaw, there is no evidence an Oil States' employee knew of these uncertainties before litigation began.

> **C. Oil States did not show a good faith belief the crane operators were exempt and covered under the Motor Carrier Act.**

Oil States also argues its belief the crane operators were exempt from overtime payments because they were covered by the Motor Carrier Act is objectively reasonable because of a perceived lack of clarity in how we apply the exemption. For the Motor Carrier Act exemption, Oil States reasonably believed the crane operators were exempted from the Act entirely because the Motor Carrier Act, and not the Act, applies to employees who drive trucks weighing over 10,000 pounds. Oil States argues it had a good faith, reasonable belief when Congress used the phrase weighing over 10,000 pounds it meant the actual physical weight of the truck when driven by the employee and not the truck's gross vehicle weight rating. Oil States reasonably believed the Motor Carrier Act covered crane operators and exempted them from the Fair Labor Standards Act, because they drove trucks weighing over 10,000 pounds and did not pay them overtime. We disagreed before trial holding the gross vehicle weight rating is the appropriate metric to determine if the Motor Carrier Act exemption applies.[27]

Oil States offered no testimony its human resource employees even knew of the alleged legal uncertainty around whether the employee is covered by the Motor Carrier Act, let alone researched conflicting legal authority and made a good faith effort to rely on a reasonable interpretation. Ms. Curry testified she was not familiar with and did not recall whether the Motor Carrier Act exemptions applied to smaller trucks or of any other changes in the law.[28] Once again, while Oil States' counsel ably argues there is some uncertainty in caselaw for both

6

exemptions, there is no evidence an Oil States' employee knew of these uncertainties when Oil States did not pay overtime.

Oil States adduced no evidence showing the legal uncertainty in the Motor Carrier Act exemption or the highly compensated exemption had "pervade[d] and markedly influence[d]" Oil States' belief the crane operators are exempt from overtime pay under the Act. Oil States failed to meet its "plain and substantial burden" of good faith affirmative steps to comply with the Act.

## III. Conclusion

We grant the crane operators' motion for liquidated damages and double their damages because Oil States fails to meet its burden to show it had a good faith belief its pay plan complied with the Act and took objectively reasonable affirmative steps to comply with Act's overtime requirements.

---

[1] ECF Doc. No. 381.

[2] *Id.*

[3] 29 U.S.C. § 216(b).

[4] *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991) (quoting *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir. 1982)).

[5] 29 U.S.C. § 260.

[6] *Martin*, 940 F.2d at 907 (citing *Marshall*, 668 F.2d at 753) ("[The Portal-to-Portal Act] provides that the district court has discretion to award no liquidated damages, or to award an amount of liquidated damages less than the amount provided by section 216(b) of the FLSA, *if, and only if*, the employer shows that he acted in good faith and that he had reasonable grounds for believing that he was not violating the Act").

[7] *Id.* (quoting *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129 (3d Cir. 1984)).

[8] *See Brooks v. Village of Ridgefield Park*, 185 F.3d 130, 137 (3d Cir. 1999) (citing *Martin*, 940 F.2d at 907-08).

[9] *Martin*, 940 F.2d at 908; *see also Souryavong v. Lackwanna County*, 872 F.2d 122, 125 (3d Cir. 2017) ("In supporting of this determination, the District Court correctly followed [*Martin*], in which we held that an employer's failure to take "affirmative steps to ascertain the legality of its pay practices" mandates an award of liquidated damages.").

[10] *Id.* (quoting *Tri-County Growers*, 747 F.2d at 129).

[11] *Souryavong*, 872 F.2d at 125.

[12] *Id.*

[13] *Id.* at 127.

[14] *Id.*

[15] *Id.*

[16] N.T. October 19, 2017, p. 95:8-18.

[17] *Id.*

[18] *See Brooks*, 185 F.3d at 137 (citing *Martin*, 940 F.2d at 907-08).

[19] N.T. October 16, 2017, p. 226:7-8 (deposition of Jill Curry played to the jury), Deposition of Jill Curry, June 16, 2016, pp. 85:25-86:1.

[20] *Martin*, 940 F.2d at 910.

[21] *Id.* at 910.

[22] *Id.* (citing *Brock v. Claridge Hotel and Casino*, 846 F.2d 180, 187 (3d Cir. 1991) and *Laffey v. Northwest Airlines*, 567 F.2d 429, 466 (D.C. Cir. 1976)).

[23] *Id.*

[24] N.T. October 16, 2017, p. 226:7-8 (deposition of Jill Curry played to the jury), Deposition of Jill Curry, June 16, 2016, pp. 70:23-71:3.

[25] N.T. October 17, 2017, p. 255:15-16 (deposition of Terry Woodall played to jury), Deposition Terry Woodall, June 17, 2016, p 12.10-19; p. 84:8-17.

[26] *Id.* at pp. 74:14-75:11.

[27] *See* ECF Doc. No. 286.

[28] N.T. October 16, 2017, p. 226:7-8 (deposition of Jill Curry played to the jury), Deposition of Jill Curry, June 16, 2016, pp. 57:19-58:20.