UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------- x
SAMMY MOZINGO; JAMIE HOLLOWAY;                :
GEORGE BOLEN, JR.; DON BRATTON;               :
MICHAEL BURCHIK; BARRETT                       :
DUPLECHAIN; WAYNE EDDY; MICHAEL                :
FRANCIS; MATTHEW FRICK; MICHAEL                :
GEORGE; KARI GORDON; CHRIS GRYMES;             :
STEPHEN SOLTESZ-HAUGHTON; MILTON               :
HOLIFIELD; DANIEL HOLIFIELD; MICHAEL           :
HOLIFIELD; RYAN KARMANN; BRIAN                 :
KUBIAK; CHADRICK LEOPAUL; JASON LETT;          :
DONALD LEWIS; GREG MORRILL; ROBERT             : Civil Action No. 2:15-529
PICKEL; SCOT POND; RYAN SHOWS;                 :
JEFFREY STEFFISH; BRIAN TULLY; STEPHEN         :
WALTERS; MATT WILLIAMS,                        : Judge Mark A. Kearney
                                               :
         *Plaintiffs*,                         :
                    v.                         :
                                               :
OIL STATES ENERGY SERVICES, L.L.C. f/k/a       :
SPECIALTY TANK SUPPLY; OIL STATES              :
ENERGY SERVICES HOLDING, INC.; OIL             :
STATES INTERNATIONAL, INC.                     :
                                               :
         *Defendants.*                         :
------------------------------------------------------------------- x

**Joint Motion for Approval of Matthew Frick's FLSA Settlement**

Plaintiff Matthew Frick and Defendant Oil States Energy Services, LLC, by and through their respective counsel, respectfully seek the Court's approval of the parties' settlement of claims brought under the Fair Labor Standards Act, 29 U.S.C. § 207(a). In support of the motion, the parties state as follows:

1. Former plaintiffs Sammy Mozingo and Jamie Holloway filed the original class- and collective-action complaint in this matter on April 22, 2015. ECF No. 1. According to that complaint, Defendant Oil States Energy Services, LLC misclassified certain employees who

worked out of the defendant's Pennsylvania districts as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA).

2. On August 25, 2015, the two named plaintiffs amended their complaint to remove the class- and collective-action allegations and to convert this lawsuit into an individual action on behalf of 30 individual plaintiffs, each of whom had worked out of the defendant's district offices in Pennsylvania. ECF No. 37.

3. The parties have engaged in substantial discovery, including dozens of depositions. The Court has denied the parties' cross-motions for summary judgment, ECF Nos. 201-202, and Mr. Frick's case is set for trial on March 12, 2018, ECF Nos. 224, 319, 385, 411.

4. On February 18, 2018, Plaintiff Matthew Frick and Defendant Oil States Energy Services, LLC agreed to settle the FLSA and PMWA claims asserted against Oil States by Mr. Frick. Mr. Frick agreed to release all of his claims against Oil States in exchange for the payment of $97,000, plus other terms and conditions.

5. The settling parties now seek the Court's approval of the settlement terms set forth in the settlement agreement attached as Exhibit A.

6. Although the Third Circuit "has not yet weighed in on whether court approval of settlement agreements is required in FLSA cases," *Mesta v. Citizens Bank, N.A.*, 2015 WL 4039358, at *1 (W.D. Pa. June 30, 2015), certain federal courts of appeals have held that the private settlement of individual FLSA claims is not valid and enforceable absent judicial review and approval of the terms of settlement, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201-07 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982). That view has been adopted by courts and litigants in this district. *See Sobiech v. Whipperhill Consulting, LLC*, 2015 WL 6736820, at *1 (W.D. Pa. Nov. 3, 2015) (Eddy,

J.); *Pollock v. Byrider Finance, LLC*, 2015 WL 4040400, at *1 (W.D. Pa. June 30, 2015) (Lenihan, J.); *Weismantle v. Jali*, 2015 WL 1866190, at *1 (W.D. Pa. Apr. 23, 2015) (Hornak, J.); *Vargas v. Gen. Nutrition Centers, Inc.*, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015) (McVerry, J.).

7.  The parties to this case have submitted previous settlement agreements to the Court for approval, *see* ECF Nos. 99, 327, and the Court has approved those settlements and found them to be reasonable resolutions of *bona fide* disputes under the FLSA, *see* ECF Nos. 101, 328.

8.  Before approving a proposed FLSA settlement, the district court should determine whether "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. June 20, 2012) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). "In scrutinizing the agreement for reasonableness and fairness, courts generally proceed in two steps, first considering whether the agreement is fair and reasonable to the plaintiff-employees and, if found to be fair and reasonable, then considering whether it furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." *Altenbach v. Lube Ctr, Inc.*, 2013 WL 74251, at *1 (M.D. Pa. Jan. 4, 2013) (quoting *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, at *4 (E.D. Pa. Mar. 26, 2012)).

9.  Mr. Frick is the sixteenth plaintiff to reach a settlement with Oil States, and the settlement terms memorialized in the settlement agreement attached as Exhibit A are fair and reasonable. As set forth in the Group Two plaintiffs' pretrial memorandum, Mr. Frick seeks total FLSA damages of $141,983, plus reasonable attorneys' fees and costs. *See* ECF No. 298, at 5. That figure includes liquidated damages and is based on a three-year statute of limitations for a willful or reckless violation of the law. Thus the agreed-upon settlement amount of $97,000

represents a substantial proportion of the total, three-year, liquidated FLSA damages sought by Mr. Frick in this litigation. In light of the risk that the jury would not find a willful or reckless violation of the law, the settlement amount represents a fair and reasonable settlement of Mr. Frick's FLSA claim—especially given that Oil States vigorously denies the allegations in the complaint, has asserted several defenses to liability, disagrees with Mr. Frick's estimates of hours worked, and rejects the plaintiffs' proposed method of calculating damages. This settlement allows Mr. Frick to recover a reasonable sum from the defendant while avoiding the substantial burdens and costs of continued litigation. The settlement also allows Mr. Frick to recover his litigation costs and to avoid the risk of loss at trial or on appeal.

10. This lawsuit also involves a *bona fide* employment dispute. A *bona fide* employment dispute is one that relates to factual issues rather than legal disputes concerning the statute's coverage or applicability. *See Lignore v. Hosp. of Univ. of Pa.*, 2007 WL 1300733, at *3 (W.D. Pa. May 1, 2007). That is the case here: The parties have elected to settle this lawsuit to resolve disagreements about the extent to which Mr. Frick performed exempt tasks in the course of his employment for Oil States. Mr. Frick maintains that his primary duty was to assemble, test, and operate heavy equipment in connection with the production of natural gas, but Oil States contends that Mr. Frick primarily acted as a supervisor and administrator who exercised significant discretion related to the company's operations. That disagreement about Mr. Frick's primary job duties constitutes a *bona fide* employment dispute, and accordingly the settlement of that dispute is not a "mere waiver of statutory rights," *see Cuttic*, 868 F. Supp. 2d at 466; *see also* ECF No. 328 (concluding that another plaintiff's settlement in this case "represent[ed] a fair and reasonable resolution of a *bona fide* dispute between the parties under the Fair Labor Standards Act").

WHEREFORE, Plaintiff Matthew Frick and Defendant Oil States Energy Services, LLC respectfully ask the Court to approve the settlement of Mr. Frick's FLSA claim. A proposed order is attached.

**Dated**:  February 23, 2018

Respectfully submitted,

/s/ Zachary K. Warren
Samuel Bryant Davidoff, Esq. (*pro hac vice*)
  DC Bar No. 978175
  sdavidoff@wc.com
Zachary K. Warren, Esq.
  DC Bar No. 1015292
  zwarren@wc.com
Michelle L. Hood, Esq. (*pro hac vice*)
  DC Bar No. 1034995
  mhood@wc.com
John S. Connolly, Esq. (*pro hac vice*)
  DC Bar No. 230555
  jconnolly@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Tel.:  (202) 434-5000
Fax: (202) 434-5029

Joseph H. Chivers, Esq.
PA Bar. No. 39184
THE EMPLOYMENT RIGHTS GROUP
100 First Avenue, Suite 650
Pittsburgh, PA 15222
Tel.: (412) 227-0763
Fax: (412) 774-1994
jchivers@employmentrightsgroup.com

*Counsel for Plaintiffs*

/s/ William R. Stukenberg
William R. Stukenberg, Esq. (*pro hac vice*)
JACKSON LEWIS, P.C.
Wedge International Tower
1415 Louisiana Street, Suite 3325
Houston, TX 77002
Tel.: (713) 650-0404
William.stukenberg@jacksonlewis.com


William L. Davis, Esq. (*pro hac vice*)
JACKSON LEWIS, P.C.
500 N. Akard, Suite 2500
Dallas, TX 75201
Tel.: (972) 728-3297
DavisW@jacksonlewis.com


Bethany Swaton Wagner, Esq.
JACKSON LEWIS, P.C.
1101 Liberty Ave., Suite 1000
Pittsburgh, PA 15222
Tel.: (412) 338-5141
Bethany.Wagner@jacksonlewis.com

*Counsel for Defendant*