UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------ x
SAMMY MOZINGO; JAMIE HOLLOWAY; :
GEORGE BOLEN, JR.; DON BRATTON; :
MICHAEL BURCHIK; BARRETT :
DUPLECHAIN; WAYNE EDDY; MICHAEL :
FRANCIS; MATTHEW FRICK; MICHAEL :
GEORGE; KARI GORDON; CHRIS GRYMES; :
STEPHEN SOLTESZ-HAUGHTON; MILTON :
HOLIFIELD; DANIEL HOLIFIELD; MICHAEL :
HOLIFIELD; RYAN KARMANN; BRIAN :
KUBIAK; CHADRICK LEOPAUL; JASON LETT; :
DONALD LEWIS; GREG MORRILL; ROBERT : Civil Action No. 2:15-529
PICKEL; SCOT POND; RYAN SHOWS; :
JEFFREY STEFFISH; BRIAN TULLY; STEPHEN :
WALTERS; MATT WILLIAMS, : Judge Mark A. Kearney
 :
    *Plaintiffs*, :
         v. :
 :
OIL STATES ENERGY SERVICES, L.L.C. f/k/a :
SPECIALTY TANK SUPPLY; OIL STATES :
ENERGY SERVICES HOLDING, INC.; OIL :
STATES INTERNATIONAL, INC. :
 :
    *Defendants.* :
------------------------------------------------------------------ x

**Joint Motion for Approval of Group Three Plaintiffs' FLSA Settlement**

Plaintiffs Donald Bratton, Jr., Kari Gordon, Ryan Karmann, Scot Pond, and Matthew Williams (the "Group Three Plaintiffs") and Defendant Oil States Energy Services, LLC, by and through their respective counsel, respectfully seek the Court's approval of the parties' settlement of claims brought under the Fair Labor Standards Act, 29 U.S.C. § 207(a). In support of the motion, the parties state as follows:

1.  Former plaintiffs Sammy Mozingo and Jamie Holloway filed the original class- and collective-action complaint in this matter on April 22, 2015. ECF No. 1. According to that complaint, Defendant Oil States Energy Services, LLC misclassified certain employees who

worked out of the defendant's Pennsylvania districts as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA).

2. On August 25, 2015, the two named plaintiffs amended their complaint to remove the class- and collective-action allegations and to convert this lawsuit into an individual action on behalf of 30 individual plaintiffs, each of whom had worked out of the defendant's district offices in Pennsylvania.  ECF No. 37.

3. The parties have engaged in substantial discovery, including dozens of depositions. The Court has denied the parties' cross-motions for summary judgment, ECF Nos. 201-202, and the Group Three Plaintiffs' case is set for trial on May 7, 2018, ECF No. 441.

4. On April 13, 2018, Oil States and the Group Three Plaintiffs agreed to settle the FLSA and PMWA claims asserted against Oil States by the Group Three Plaintiffs.  The Group Three Plaintiffs agreed to release their claims against Oil States in exchange for a total payment in the amount of $700,000 (the "Settlement Amount"), plus other terms and conditions.  However, the Group Three Plaintiffs did <u>not</u> agree to release their claims for attorneys' fees and costs.  The parties agreed that the entire Settlement Amount would be paid directly to the Group Three Plaintiffs, and that none of the Settlement Amount would be allocated to attorneys' fees and costs. The parties have further agreed that the Group Three Plaintiffs are entitled to an award of reasonable fees and costs by the Court, as if the Group Three Plaintiffs were the prevailing party under 29 U.S.C. § 216(b).  The amount awarded by the Court for fees and costs will not change the Settlement Amount Defendant pays directly to the Group Three Plaintiffs.

5. The settling parties now seek the Court's approval of the settlement terms set forth in the settlement agreement attached as Exhibit A (the "Agreement").

6. Although the Third Circuit "has not yet weighed in on whether court approval of settlement agreements is required in FLSA cases," *Mesta v. Citizens Bank, N.A.*, 2015 WL 4039358, at *1 (W.D. Pa. June 30, 2015), certain federal courts of appeals have held that the private settlement of individual FLSA claims is not valid and enforceable absent judicial review and approval of the terms of settlement, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201-07 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982). That view has been adopted by courts and litigants in this district. *See Sobiech v. Whipperhill Consulting, LLC*, 2015 WL 6736820, at *1 (W.D. Pa. Nov. 3, 2015) (Eddy, J.); *Pollock v. Byrider Finance, LLC*, 2015 WL 4040400, at *1 (W.D. Pa. June 30, 2015) (Lenihan, J.); *Weismantle v. Jali*, 2015 WL 1866190, at *1 (W.D. Pa. Apr. 23, 2015) (Hornak, J.); *Vargas v. Gen. Nutrition Centers, Inc.*, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015) (McVerry, J.).

7. The parties have submitted previous settlements in this case to the Court for approval, *see* ECF Nos. 99, 327, 412, and the Court has approved those settlements as reasonable resolutions of *bona fide* disputes under the FLSA, *see* ECF Nos. 101, 328, 413.

8. Before approving a proposed FLSA settlement, the district court should determine whether "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. June 20, 2012) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). "In scrutinizing the agreement for reasonableness and fairness, courts generally proceed in two steps, first considering whether the agreement is fair and reasonable to the plaintiff-employees and, if found to be fair and reasonable, then considering whether it furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." *Altenbach v. Lube Ctr, Inc.*, 2013 WL 74251, at *1 (M.D. Pa. Jan. 4, 2013)

(quoting *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, at *4 (E.D. Pa. Mar. 26, 2012)).

9. The settlement terms in the Agreement are fair and reasonable. At trial, the Group Three Plaintiffs, as a group, would seek approximately $465,000 in total damages during the two-year FLSA limitations period, plus an additional $250,000 in total damages during the third year of the limitations period. The Group Three Plaintiffs would then ask the Court to liquidate (*i.e.*, double) any damages awarded by the jury. Thus, the Group Three Plaintiffs are seeking total *liquidated* damages of $930,000 for the two-year limitations period and $1.425 million for the three-year limitations period. Accordingly, the total Settlement Amount of $700,000 is roughly 75% of the total liquidated damages that the Group Three Plaintiffs seek under the FLSA's two-year statute of limitations, and about half of the total three-year, liquidated FLSA damages sought by the Group Three Plaintiffs in this litigation.

10. In light of the various risks that are inherent in going to trial—including the risk of losing at trial, the risk that the jury would not find a willful or reckless violation of the law, the risk that the jury would not award the full amount of damages sought, and the risk that the Court would not award liquidated damages—the Settlement Amount represents a fair and reasonable settlement of the Group Three Plaintiffs' FLSA claims. That is especially true given that Oil States vigorously denies the allegations in the complaint, has asserted several defenses to liability, disagrees with the Group Three Plaintiffs' estimates of hours worked, and rejects the plaintiffs' proposed method of calculating damages. This settlement allows the Group Three Plaintiffs to recover substantial sums from the defendant while avoiding the substantial burdens and costs of continued litigation. The settlement also allows the Group Three Plaintiffs to recover their litigation costs and to avoid the risk of loss at trial or on appeal.

11. This lawsuit also involves a *bona fide* employment dispute. A *bona fide* employment dispute is one that relates to factual issues rather than legal disputes concerning the statute's coverage or applicability. *See Lignore v. Hosp. of Univ. of Pa.*, 2007 WL 1300733, at *3 (W.D. Pa. May 1, 2007). That is the case here: The parties have elected to settle this lawsuit to resolve disagreements about the extent to which the Group Three Plaintiffs performed exempt tasks in the course of their employment for Oil States.  The Group Three Plaintiffs maintain that their primary duty was to assemble, test, and operate heavy equipment in connection with the production of natural gas, but Oil States contends that the Group Three Plaintiffs performed non-manual labor and exercised significant discretion related to the company's operations.  That disagreement about the Group Three Plaintiffs' primary job duties constitutes a *bona fide* employment dispute, and accordingly the settlement of that dispute is not a "mere waiver of statutory rights," *see Cuttic*, 868 F. Supp. 2d at 466; *see also* ECF Nos. 328, 413 (concluding that other plaintiffs' settlements in this case "represent[ed] a fair and reasonable resolution of a *bona fide* dispute between the parties under the Fair Labor Standards Act").

12. Finally, as noted above, the parties have agreed that the Group Three Plaintiffs and their attorneys are entitled to an award of reasonable attorneys' fees and costs by the Court.  The parties have agreed that the Group Three Plaintiffs will submit a motion for an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and Rule 54 of the Federal Rules of Civil Procedure.  The parties have further agreed to the entry of a consent decree in connection with the Court's approval of the Settlement Amount, in order to vest the Court with jurisdiction and authority to award reasonable attorneys' fees and costs to the Group Three Plaintiffs pursuant to 29 U.S.C. § 216(b).  *Cf. Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health and Human Resources*, 532 U.S. 598, 604 (2001).  The parties therefore request that the Court approve this

settlement and enter the attached Consent Decree and Settlement Approval Order. The Group Three Plaintiffs will then move for an award of attorneys' fees and costs together with the remaining Group One and Group Two plaintiffs.

WHEREFORE, Plaintiffs Donald Bratton, Jr., Kari Gordon, Ryan Karmann, Scot Pond, and Matthew Williams and Defendant Oil States Energy Services, LLC respectfully ask the Court to approve the settlement of the Group Three Plaintiffs' FLSA and PMWA claims.

The proposed Consent Decree and Settlement Approval Order is attached.

| | |
|---|---|
| **Dated**:  April 26, 2018 | Respectfully submitted, |

| | |
|---|---|
| /s/ Zachary K. Warren | /s/ William R. Stukenberg |
| Samuel Bryant Davidoff, Esq. (*pro hac vice*)<br>    DC Bar No. 978175<br>    sdavidoff@wc.com<br>Zachary K. Warren, Esq.<br>    DC Bar No. 1015292<br>    zwarren@wc.com<br>Michelle L. Hood, Esq. (*pro hac vice*)<br>    DC Bar No. 1034995<br>    mhood@wc.com<br>John S. Connolly, Esq. (*pro hac vice*)<br>    DC Bar No. 230555<br>    jconnolly@wc.com<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Tel.:  (202) 434-5000<br>Fax: (202) 434-5029 | William R. Stukenberg, Esq. (*pro hac vice*)<br>JACKSON LEWIS, P.C.<br>Wedge International Tower<br>1415 Louisiana Street, Suite 3325<br>Houston, TX 77002<br>Tel.: (713) 650-0404<br>William.stukenberg@jacksonlewis.com<br><br>William L. Davis, Esq. (*pro hac vice*)<br>JACKSON LEWIS, P.C.<br>500 N. Akard, Suite 2500<br>Dallas, TX 75201<br>Tel.: (972) 728-3297<br>DavisW@jacksonlewis.com |
| Joseph H. Chivers, Esq.<br>PA Bar. No. 39184<br>THE EMPLOYMENT RIGHTS GROUP<br>100 First Avenue, Suite 650<br>Pittsburgh, PA 15222<br>Tel.: (412) 227-0763<br>Fax: (412) 774-1994<br>jchivers@employmentrightsgroup.com<br><br>*Counsel for Plaintiffs* | Bethany Swaton Wagner, Esq.<br>JACKSON LEWIS, P.C.<br>1101 Liberty Ave., Suite 1000<br>Pittsburgh, PA 15222<br>Tel.: (412) 338-5141<br>Bethany.Wagner@jacksonlewis.com<br><br>*Counsel for Defendant* |