IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMMY MOZINGO**, *et al.* | : **CIVIL ACTION** |
| | : |
| v. | : **NO. 15-529** |
| | : |
| **OIL STATES ENERGY SERVICES, L.L.C.**, | : |

# ORDER-MEMORANDUM

**AND NOW**, this 30th day of April 2018, upon considering the Group 2 Plaintiffs' Motion for liquidated damages following the jury verdict (ECF Doc. No. 455), Defendant's Response (ECF Doc. No. 478) and Plaintiffs' Reply (ECF Doc. No. 479), it is **ORDERED** the Group 2 Plaintiffs' Motion (ECF Doc. No. 387) under § 216(b) of the Fair Labor Standards Act to double the jury's March 16, 2018 award of unpaid overtime compensation to each of the Group 2 Plaintiffs as liquidated damages is **GRANTED**.

*Analysis*

Employees working on fracking drill sites sued their former employer Oil States for failing to pay overtime under the Fair Labor Standards Act. Given different job responsibilities and to efficiently manage proofs for several different employees, we scheduled three trials in groups of four to six employees.[1] We tried the first group of employees in Fall 2017 and, following the jury's verdict in the employees' favor, we granted the employees' motion for

---

[1] ECF Doc. No. 224.

liquidated damages finding Oil States did not adduce evidence of its good faith and reasonable efforts to determine whether it should pay overtime to these employees.[2]

We tried the second group of employees ("Group 2 Plaintiffs") last month. The parties largely repeated evidence from the first trial concerning Oil States' good faith and reasonable grounds for believing the employees were exempt from overtime. To supplement its proofs from the first trial, Oil States hoped to adduce evidence from one of its employees – Rhonda Totten – who allegedly played a role in deciding whether to characterize the Group 2 Plaintiffs as exempt from overtime. Consistent with Oil States' discovery responses, we permitted Ms. Totten to testify only as to "knowledge of human resources support for the locations at issue."[3] Shortly before trial, Oil States filed an unsolicited "report" again asking to expand Ms. Totten's testimony beyond Oil States' years of discovery representations.[4] The Plaintiffs moved again to preclude any effort to expand Ms. Totten's testimony based on a "report." We entertained oral argument before trial.

Following oral argument, we granted the Group 2 Plaintiffs' motion to exclude testimony as to her role in deciding the exemption because Oil States did not disclose her role in response to a specific discovery interrogatory and only identified her as having knowledge of human resources support for the locations at issue.[5] Given the omnipresent issue of Oil States' decision to treat the employees as exempt, we could not liberally rewrite Oil States' years of discovery representations which did not disclose her knowledge or role in deciding the exempt status of the

---

[2] ECF Doc. No. 399.

[3] ECF Doc. No. 388.

[4] ECF Doc. No. 421.

[5] ECF Doc. No. 430.

2

employees. If, as Oil States argued on the eve of trial, Ms. Totten played a central role in deciding the exempt status, it should have candidly answered the Plaintiffs' April 22, 2016 Interrogatory No. 22 asking to "[i]dentify each of your employees who was involved in determining whether the …Plaintiffs were subject to the overtime requirements of the Fair Labor Standards Act…"[6] Oil States identified five of its employees (all of whom testified) but not Ms. Totten. Reacting to the jury's rejection of this testimony at the first trial, Oil States sought to add Ms. Totten as a witness. Oil States explained its change of strategy on its interpretation of the time frame suggested by the Interrogatory. But the Interrogatory does not have a time frame. After oral argument, we found no good cause to allow this last-minute witness although each of the five identified witnesses could testify as to Oil States' decision.

The jury returned a verdict in the Group 2 Plaintiffs' favor for two years of overtime compensation.[7] Unlike the jury for the Group 1 Plaintiffs, the jury in the Group 2 Plaintiffs' trial found Oil States did not act willfully or recklessly in failing to pay them overtime compensation sufficient to allow recovery for a third year of unpaid overtime.

The Group 2 Plaintiffs now move for liquidated damages arguing Oil States again did not adduce evidence of good faith and reasonable grounds for believing its decision to not pay overtime did not violate the Fair Labor Standards Act. Oil States responds we erred in applying a standard existing at the time of Oil States' decision – and at trial – but possibly changed by the Supreme Court's April 2, 2018 decision in *Encino Motorcars, LLC v. Navarro.*[8] Oil States also

---

[6] ECF Doc. No. 429-1, pp. 9-10.

[7] ECF Doc. No. 451.

[8] __ U.S. __, 138 S.Ct. 1134 (2018).

3

again argues their testimony satisfies the standard of good faith necessary to avoid liquidated damages. Oil States speculates as to jury confusion based on jury questions.

We addressed Oil States' arguments on its adduced evidence of good faith in our November 30, 2017 Memorandum.[9] We incorporate our reasoning in again finding Oil States has not adduced evidence of good faith. We appreciate Oil States disagrees with the jury's verdict and would like, as any advocate would, to discern meaning from a jury's questions. But whatever the jury thought in deliberations does not alter Oil States' burden. The jury returned a verdict for the Group 2 Plaintiffs – as it did for the Group 1 Plaintiffs last Fall.

The wrinkle now presented is whether we can find Oil States adduced evidence of good faith because its conduct in 2012-2015 should be evaluated under an alleged change in the Law on April 2, 2018. Oil States argues uncertainty in the Law excuses its good faith review of whether the Group 2 Plaintiffs are exempt from overtime. We cannot reach this far.[10] Oil States might be closer to the required good faith if it adduced evidence of reviewing the issues and reaching some form of considered decision. There is no evidence of this effort. And there is none – nor could there be – evidence of Oil States reviewing a possible April 2018 change in the way we review exemptions when it decided not to pay overtime compensation from 2013 to 2015.

_____
KEARNEY, J.

---

[9] ECF Doc. No. 398.

[10] *See Souryavong v. Lackawanna County*, 872 F.3d 122, 125 (3d Cir. 2017)(citing *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 910 (3d Cir. 1991)).

4