UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| SAMMY MOZINGO; JAMIE HOLLOWAY; GEORGE BOLEN, JR.; DON BRATTON; MICHAEL BURCHIK; BARRETT DUPLECHAIN; WAYNE EDDY; MICHAEL FRANCIS; MATTHEW FRICK; MICHAEL GEORGE; KARI GORDON; CHRIS GRYMES; STEPHEN SOLTESZ-HAUGHTON; MILTON HOLIFIELD; DANIEL HOLIFIELD; MICHAEL HOLIFIELD; RYAN KARMANN; BRIAN KUBIAK; CHADRICK LEOPAUL; JASON LETT; DONALD LEWIS; GREG MORRILL; ROBERT PICKEL; SCOT POND; RYAN SHOWS; JEFFREY STEFFISH; BRIAN TULLY; STEPHEN WALTERS; MATT WILLIAMS, | Civil Action No. 2:15-529 Judge Mark A. Kearney |
| *Plaintiffs*, v. | |
| OIL STATES ENERGY SERVICES, L.L.C. f/k/a SPECIALTY TANK SUPPLY; OIL STATES ENERGY SERVICES HOLDING, INC.; OIL STATES INTERNATIONAL, INC. | |
| *Defendants*. | |

**Joint Motion for Approval of Final FLSA Settlement**

Plaintiffs George Bolen, Jr., Michael Burchik, Wayne Eddy, Michael George, Jason Lett, Robert Pickel, Stephen Soltesz-Haughton, and Jeffrey Steffish and Defendant Oil States Energy Services, LLC, by and through their respective counsel, respectfully seek the Court's approval of the parties' settlement of claims brought under the Fair Labor Standards Act, 29 U.S.C. § 207(a). In support of the motion, the parties state as follows:

1.  Former plaintiffs Sammy Mozingo and Jamie Holloway filed the original class- and collective-action complaint in this matter on April 22, 2015. ECF No. 1. According to that complaint, Defendant Oil States Energy Services, LLC misclassified certain employees who

worked out of the defendant's Pennsylvania districts as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA).

2. On August 25, 2015, the two named plaintiffs amended their complaint to remove the class- and collective-action allegations and to convert this lawsuit into an individual action on behalf of 30 individual plaintiffs, each of whom had worked out of the defendant's district offices in Pennsylvania. ECF No. 37.

3. On October 5, 2017, the Court dismissed the plaintiffs' PMWA claims. ECF No. 348. The parties then tried the plaintiffs' FLSA claims to two separate juries. On October 19, 2017, a jury found in favor of Plaintiffs Michael Burchik, Wayne Eddy, Jason Lett, and Robert Pickel. *See* ECF No. 381. On March 16, 2018, a separate jury found in favor of Plaintiffs George Bolen, Jr., Michael George, Stephen Soltesz-Haughton, and Jeffrey Steffish. *See* ECF No. 451. The Court subsequently entered judgment in favor of the plaintiffs, ECF No. 484, and awarded attorneys' fees and costs to plaintiffs' counsel, ECF No. 517.

4. On December 3, 2018, the parties agreed to settle all claims, judgments, credits, issues, and debts in this action in exchange for a total payment in the amount of $2,950,000, plus other terms and conditions. The parties now seek the Court's approval of the settlement terms set forth in the agreement attached as Exhibit A (the "Agreement").

5. Although the Third Circuit "has not yet weighed in on whether court approval of settlement agreements is required in FLSA cases," *Mesta v. Citizens Bank, N.A.*, 2015 WL 4039358, at *1 (W.D. Pa. June 30, 2015), certain federal courts of appeals have held that the private settlement of individual FLSA claims is not valid and enforceable absent judicial review and approval of the terms of settlement, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201-07 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350,

1354 (11th Cir. 1982). That view has been adopted by courts and litigants in this district. *See Sobiech v. Whipperhill Consulting, LLC*, 2015 WL 6736820, at *1 (W.D. Pa. Nov. 3, 2015) (Eddy, J.); *Pollock v. Byrider Finance, LLC*, 2015 WL 4040400, at *1 (W.D. Pa. June 30, 2015) (Lenihan, J.); *Weismantle v. Jali*, 2015 WL 1866190, at *1 (W.D. Pa. Apr. 23, 2015) (Hornak, J.); *Vargas v. Gen. Nutrition Centers, Inc.*, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015) (McVerry, J.).

6. The parties have submitted previous settlements in this case to the Court for approval, *see* ECF Nos. 99, 327, 412, 480, and the Court has approved those settlements as reasonable resolutions of *bona fide* disputes under the FLSA, *see* ECF Nos. 101, 328, 413, 481.

7. Before approving a proposed FLSA settlement, the district court should determine whether "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. June 20, 2012) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). "In scrutinizing the agreement for reasonableness and fairness, courts generally proceed in two steps, first considering whether the agreement is fair and reasonable to the plaintiff-employees and, if found to be fair and reasonable, then considering whether it furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." *Altenbach v. Lube Ctr, Inc.*, 2013 WL 74251, at *1 (M.D. Pa. Jan. 4, 2013) (quoting *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, at *4 (E.D. Pa. Mar. 26, 2012)).

8. The settlement terms in the Agreement are fair and reasonable. The Agreement provides for a total settlement payment of $2,950,000 to the eight plaintiffs and their attorneys. Of this amount, $952,997.71 would be paid directly to the eight plaintiffs. The plaintiffs therefore will recover the vast majority of the amounts to which they are entitled under the judgment. *See* ECF No. 484 (entering judgment of $1,003,155.48 in favor of plaintiffs). Another $1,997,002.29

would be paid to plaintiffs' counsel to satisfy the Court's award of attorneys' fees and costs.[1]  In light of the various risks of appeal, the Settlement Amount represents a fair and reasonable settlement of the plaintiffs' FLSA claims.  In its notices of appeal, Oil States identified 20 issues and orders that it would challenge in the Third Circuit.  ECF No. 514, 519.  This settlement allows the plaintiffs to recover the vast majority of the amount awarded by the juries while avoiding the substantial risks, delays, and costs of continued litigation.

9. This lawsuit also involves a *bona fide* employment dispute. A *bona fide* employment dispute is one that relates to factual issues rather than legal disputes concerning the statute's coverage or applicability. *See Lignore v. Hosp. of Univ. of Pa.*, 2007 WL 1300733, at *3 (W.D. Pa. May 1, 2007). That is the case here: The parties have elected to settle this lawsuit to resolve disagreements about the extent to which the plaintiffs performed exempt tasks in the course of their employment for Oil States.  The plaintiffs maintain that their primary duty was to assemble, test, and operate heavy equipment in connection with the production of natural gas, but Oil States contends that the plaintiffs performed non-manual labor and exercised significant discretion related to the company's operations.  Although the plaintiffs already prevailed at trial, the parties' continuing disagreement about the plaintiffs' primary job duties constitutes a *bona fide* employment dispute, and accordingly the settlement of that dispute is not a "mere waiver of statutory rights," *see Cuttic*, 868 F. Supp. 2d at 466; *see also* ECF Nos. 328, 413 (concluding that

---

[1] The settlement actually provides for a payment of $2,152.002.29 to plaintiffs' counsel. However, Oil States and plaintiffs' counsel previously agreed to reduce the Court's award of attorneys' fees and costs by $155,000 in connection with the settlement of the Group Three Plaintiffs' claims. *See* ECF No. 480-1, ¶ 3(c). Thus, after applying that credit of $155,000 to the amount payable to plaintiffs' counsel under this Agreement, plaintiffs' counsel will receive a final, net payment of $1,997,002.29 under the Agreement.

other plaintiffs' settlements in this case "represent[ed] a fair and reasonable resolution of a *bona fide* dispute between the parties under the Fair Labor Standards Act").

10. Although Oil States has appealed the judgment and the award of fees and costs to the United States Court of Appeals for the Third Circuit, the court of appeals issued a limited remand on February 12, 2019 to allow this Court to adjudicate a motion to approve the settlement. *See* ECF No. 528. Accordingly, this Court presently has jurisdiction to approve the parties' settlement, but not to dismiss the case. If this Court approves the settlement on the terms set forth in the settlement agreement attached as Exhibit A, the parties will file a dismissal agreement in the court of appeals pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

WHEREFORE, Plaintiffs George Bolen, Jr., Michael Burchik, Wayne Eddy, Michael George, Jason Lett, Robert Pickel, Stephen Soltesz-Haughton, and Jeffrey Steffish and Defendant Oil States Energy Services, LLC respectfully request that the Court approve the parties' final settlement. A proposed order is attached.

**Dated**: February 12, 2019                                   Respectfully submitted,

/s/ Zachary K. Warren                                          /s/ William R. Stukenberg

Samuel Bryant Davidoff, Esq. (*pro hac vice*)                  William R. Stukenberg, Esq. (*pro hac vice*)
   DC Bar No. 978175                                           JACKSON LEWIS, P.C.
   sdavidoff@wc.com                                            Wedge International Tower
Zachary K. Warren, Esq.                                        1415 Louisiana Street, Suite 3325
   DC Bar No. 1015292                                          Houston, TX 77002
   zwarren@wc.com                                              Tel.: (713) 650-0404
Michelle L. Hood, Esq. (*pro hac vice*)                        William.stukenberg@jacksonlewis.com
   DC Bar No. 1034995
   mhood@wc.com
John S. Connolly, Esq. (*pro hac vice*)                        William L. Davis, Esq. (*pro hac vice*)
   DC Bar No. 230555                                           JACKSON LEWIS, P.C.
   jconnolly@wc.com                                            500 N. Akard, Suite 2500
WILLIAMS & CONNOLLY LLP                                        Dallas, TX 75201
725 Twelfth Street, N.W.                                       Tel.: (972) 728-3297
Washington, DC 20005                                           DavisW@jacksonlewis.com
Tel.:  (202) 434-5000
Fax: (202) 434-5029


Joseph H. Chivers, Esq.                                        Bethany Swaton Wagner, Esq.
PA Bar. No. 39184                                              JACKSON LEWIS, P.C.
THE EMPLOYMENT RIGHTS GROUP                                    1101 Liberty Ave., Suite 1000
100 First Avenue, Suite 650                                    Pittsburgh, PA 15222
Pittsburgh, PA 15222                                           Tel.: (412) 338-5141
Tel.: (412) 227-0763                                           Bethany.Wagner@jacksonlewis.com
Fax: (412) 774-1994
jchivers@employmentrightsgroup.com                             *Counsel for Defendant*

*Counsel for Plaintiffs*